# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| CARY WEIGAND, CHERYL SCHMIDT, and CALVIN SCHMIDT, individually and on behalf of a class of similarly situated persons, | |
| *Plaintiffs*, | |
| v. | Case No. 1:23-CV-01452-RLY-TAB |
| GROUP 1001 INSURANCE HOLDINGS, LLC; GROUP 1001 RESOURCES, LLC; CLEAR SPRING LIFE AND ANNUITY COMPANY; and DELAWARE LIFE INSURANCE COMPANY, | |
| *Defendants*. | |

## CLASS ACTION SETTLEMENT AGREEMENT

## KEY TERMS PAGE

| | |
|---|---|
| **Court:** | United States District Court for the Southern District of Indiana |
| **Defendants:** | Group 1001 Insurance Holdings, LLC; Group 1001 Resources, LLC; Clear Spring Life and Annuity Company; and Delaware Life Insurance Company |
| **Plaintiffs/Class Representatives:** | Cary Weigand, Cheryl Schmidt, Calvin Schmidt, and Juan McClendon (with Defendants, the "**Parties**") |
| **Class Counsel:** | Lynn A. Toops of Cohen & Malad, LLP; and J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC |
| **Settlement Administrator:** | Kroll Settlement Administration LLC |
| **Data Incident:** | The incident involving the potential exposure of the confidential, personal information of approximately 475,947 of Defendants' and their affiliates' and cedents' current, former, and prospective customers, employees, employee dependents, payees, annuitants, beneficiaries, agents, and others, on or about February 9, 2023. |
| **Settlement Class:** | All individuals whose personal information may have been compromised as a result of the Data Incident, as identified on the Class List. |
| **Settlement Payment:** | $4,759,470.00, with no reversion to the Defendants |
| **Identity Theft Protection Services Attributes:** | 3 bureau credit monitoring for 3 years, to include identity theft insurance of no less than $1,000,000 |
| **Out-of-Pocket Losses Maximum Payment Amount:** | $5,000 per claimant |
| **Lost Time Payment Amount:** | $20 per hour, up to 4 hours per claimant |
| **Cash Payment:** | *Pro rata* (formula at § 3.2.4) but no less than $5 per claimant |
| **Cy Pres Recipient(s):** | Indiana Community Action Association, Inc. (100%) |
| **Costs of Notice and Administration:** | The costs of making all notices under and administering the Agreement. To be paid from the Settlement Fund |
| **Attorneys' Fees Amount:** | One-third of the Settlement Fund remaining after deducting all Costs of Notice and Administration and service awards, to be paid from the Settlement Fund |
| **Service Award Amount:** | $5,000, per Class Representative, to be paid from the Settlement Fund |
| **Release of Liability:** | Set forth below and in paragraphs 9 and 10 of Exhibit E |

## SCHEDULE OF DATES AND DEADLINES

Unless otherwise ordered by the Court, or agreed to by the Parties in writing, the following dates and deadlines apply to this Class Action Settlement Agreement (the "**Agreement**"). All dates and deadlines will be calculated in conformity with Federal Rule of Civil Procedure 6(a).

| Event | Date/Deadline |
|---|---|
| **Date of Execution** | First date on which the Agreement has been signed by all Parties, as indicated on the signature page |
| **Deadline to Move for Preliminary Approval** | 7 days after the Date of Execution |
| **Deadline for Defendants to provide notification under 28 U.S.C. § 1715** | 10 days after the Motion for Preliminary Approval is filed. |
| **Date of Preliminary Approval** | The day on which the Court enters the Preliminary Approval Order |
| **Deadline to Provide the Class List** | 7 days after Date of Execution |
| **Deadline to Fund the Settlement** | 30 days after Preliminary Approval Order |
| **Deadline to Send Notice** | 30 days after Preliminary Approval Order |
| **Deadline to File Motion for Fees, Expenses, and Service Awards** | 15 days before Deadline to Object |
| **Deadline to Object** | 60 days after Deadline to Send Notice |
| **Deadline to Opt-Out** | 60 days after Deadline to Send Notice |
| **Deadline to Report Opt-Outs** | 10 days after Deadline to Opt-Out |
| **Deadline to Terminate for Opt-Outs** | 30 days after Deadline to Report Opt-Outs |
| **Deadline to File Motion for Final Approval** | No later than 14 days before the Date of the Final Approval Hearing |
| **Date of the Final Approval Hearing** | To be set by the Court (Parties to request a date approximately 120 days after Preliminary Approval Order) |
| **Date of Final Approval** | The day on which the Court enters the Final Approval Order |
| **Effective Date** | The 31st day after the Court enters the Final Approval Order, provided no objections are made and no appeal is filed by that date. Otherwise, the 31st day after the date on which all appeals have been dismissed or all rights to appeal have been exhausted and the Final Approval Order has not been reversed. |
| **Deadline to Pay Fees and Expenses** | 7 days after Date of Final Approval |
| **Deadline to Pay Service Awards** | 7 days after Effective Date |
| **Deadline to Submit Claims** | 120 days after Preliminary Approval Order |
| **Deadline to Process Claims** | 45 days after Deadline to Submit Claims |
| **Deadline to Cure Claims** | 21 days after mailing of a deficiency letter |
| **Deadline to Pay Valid Claims** | 45 days after Deadline to Cure Claims |
| **Date Settlement Benefits Expire** | 120 days after issuance |

1.    **Recitals.**

On August 16, 2023, Cary Weigand, Cheryl Schmidt, and Calvin Schmidt filed a class action complaint against Defendants in the Court, under No. 1:23-cv-01452-RLY-TAB, alleging Defendants were liable for the Data Incident (the "**Weigand Litigation**").

On October 10, 2023, Defendants filed a motion to dismiss. The Parties engaged in early settlement negotiations, and the case was stayed pending those negotiations.

On December 14, 2023, Juan McClendon filed a separate class action complaint against Defendants in the United States District Court for the District of Massachusetts, No. 1:23-cv-13095-JCB, alleging Defendants were liable for the Data Incident (the "**McClendon Litigation**") (together, with the Weigand Litigation, the "**Litigation**").

In late December 2023 and early January 2024, the Parties exchanged informal discovery to assist in mediation efforts. That discovery included Defendants providing counsel for Plaintiffs with the post-breach forensic report detailing the Data Incident.

On February 13, 2024, the Parties participated in a mediation facilitated by mediator Bruce A. Friedman of JAMS. At the mediation, the Parties reached an agreement in principle to settle the Litigation on a class action basis. As part of resolving the entire litigation, Mr. McClendon dismissed the McClendon Litigation to join this settlement as an additional class representative.

The Parties thereafter negotiated the detailed terms of the Agreement.

2.    **Incorporation of Key Terms, Schedule, Recitals, and Exhibits.**

This Agreement expressly incorporates the preceding Key Terms Page, Schedule of Dates and Deadlines, Recitals, and the following exhibits, all of which are integral parts of this Agreement:

Exhibit A – the "**Summary Notice**"

Exhibit B – the "**Detailed Notice**"

Exhibit C – the "**Claim Form**"

Exhibit D – the "**Preliminary Approval Order**"

Exhibit E – the "**Final Approval Order**"

**3.    Benefits to Class Members.**

**3.1.    Defendants to Pay Cash Settlement Fund.**

No later than the Deadline to Fund the Settlement, Defendants must pay the Settlement Payment to the Settlement Administrator to be held as a common fund (the "**Settlement Fund**") in an interest-bearing escrow account (the "**Escrow Account**"). All interest on the funds in the Escrow Account shall accrue to the benefit of the Settlement Class. The Settlement Fund will be *in custodia legis* of the Court and will remain subject to the Court's jurisdiction until distributed. The Settlement Fund must be used only to make payments pursuant to the Agreement or otherwise ordered by the Court. The Settlement Fund shall be held in a qualified settlement fund pursuant to Treasury Regulation § 1.468B-1(c)(1). Under no circumstances shall Defendants' payment obligations under this Agreement exceed the Settlement Payment.

**3.2.    Class Members to Be Paid from the Net Settlement Fund upon Submission of a Valid Claim.**

The "**Net Settlement Fund**" is the amount remaining in the Settlement Fund after payment of the Costs of Notice and Administration and payment of all Court-approved attorneys' fees, expenses, and service awards. The Net Settlement Fund will be used to provide the benefits listed in this section, which will be available, as applicable, to any person who is a member of the Settlement Class and who does not submit a valid and timely request to be excluded as provided in the Detailed Notice (each such person, a "**Class Member**"). A Class Member may make a claim for any one or more of the benefits provided in this section.

A Class Member may claim these benefits by submitting a completed Claim Form to the Settlement Administrator that is postmarked no later than the Deadline to Submit Claims or by submitting such a request by that deadline through the Settlement Website (as defined in Section 6.3). All claims will be processed and validated as set forth in Section 4.

**3.2.1.    Claims for Identity Theft Protection Services.**

"**Identity Theft Protection Services**" means credit monitoring and identity theft protection services having the Identity Theft Protection Services Attributes listed on the Key Terms Page to be provided by a vendor approved by Class Counsel.

The Settlement Administrator will make the Identity Theft Protection Services available for all Class Members who make a valid claim for Identity Theft Protection Services and will pay the costs of the Identity Theft Protection Services provided from the Net Settlement Fund.

### 3.2.2. Claims for Out-of-Pocket Losses.

"**Out-of-Pocket Losses**" means unreimbursed out-of-pocket expenses incurred by a Class Member that are fairly traceable (as determined by the Settlement Administrator) to the Data Incident, including but not limited to: (i) bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), miscellaneous qualified expenses subject to explanation, such as postage, notary, fax, copying, mileage, and/or gasoline for local travel; (ii) fees for credit reports, credit monitoring, and/or other identity theft insurance product purchased between the date of the Data Incident and the Deadline to Submit Claims; and (iii) actual fraud that occurred between the date of the Data Incident and the Deadline to Submit Claims.

The Settlement Fund will pay all valid claims for Out-of-Pocket Losses up to the per claimant limit set forth under the Out-of-Pocket Losses Maximum Payment Amount on the Key Terms Page.

### 3.2.3. Claims for Lost Time.

"**Lost Time**" means time spent by a Class Member relating to the Data Incident, including but not limited to, time spent acquiring credit freezes, remedying actual fraud, monitoring statements, etc.

The Settlement Fund will pay all valid claims for Lost Time up to the per claimant limit set forth under the Lost Time Payment Amount on the Key Terms Page.

### 3.2.4. Claims for a Cash Payment.

"**Cash Payment Fund**" means the Net Settlement Fund less all amounts to be paid for valid claims for Identity Theft Protection Services, Out-of-Pocket Losses, and Lost Time. The Cash Payment Fund will be used to pay all Cash Payments.

"**Cash Payment**" means a cash payment to be made whether or not a Class Member also submits a claim for Identity Theft Protection Services, Out-of-Pocket Losses, or Lost Time.

The Settlement Fund will pay all valid claims for a Cash Payment on a *pro rata* basis per claim by dividing the Cash Payment Fund by the number of valid claimants. If a Class Member submits a claim for Identity Theft Protection Services, Out-of-Pocket Losses, or Lost Time, the Class Member will also be considered to have submitted a claim for a Cash Payment, regardless of the validity of any other claim. If the amount due for Cash Payments is less than the minimum amount listed on the Key Terms Page, then each of the payments for valid claims for Out-of-Pocket Losses and Lost Time will be reduced *pro rata* (for example, by 5%) until the amount due for Alternative Cash Payments equals $5.00 per claimant.

### 3.2.5. Cy Pres.

After the Date Settlement Benefits Expire, if there remain monies in the Net Settlement Fund, those monies will not revert to Defendants but will, after deduction of any final costs of administration, be paid to the Cy Pres Recipient(s) in the amount(s) set forth on the Key Terms Page.

## 4. Claims Processing and Provision of Settlement Benefits.

### 4.1. Settlement Administrator's Duties and Discretion in Processing Claims.

The Settlement Administrator will be responsible for collecting and processing all Claim Forms, whether submitted by mail or through the Settlement Website. The Settlement Administrator may consult with Class Counsel in making determinations as to any claim, but the Settlement Administrator has the sole discretion to determine, in good faith and under the terms of the Agreement, whether any claim is timely, whether any claim is complete or deficient, and whether any claim is valid, including whether documentation is sufficient to support any claim for Out-of-Pocket Losses. If the Settlement Administrator identifies a deficiency in the information provided for any claim, the Settlement Administrator must follow the procedures in Section 4.3 to allow the Class Member a chance to cure the deficiency.

### 4.2. Determining the Validity of Claims.

In order for any claim to be valid, the following requirements must be met (all three of these requirements, collectively the "**Basic Claim Requirements**"): (i) the claim must be submitted by a Class Member or the Class Member's authorized legal representative; (ii) the information required to process the claim on the Claim Form must have been completed; and (iii) the original claim must have been submitted on or before the Deadline to Submit Claims.

A claim for Identity Theft Protection Services, a Cash Payment, or Lost Time will be valid so long as it meets the Basic Claim Requirements.

A claim for Out-of-Pocket Losses will be valid so long as it meets the Basic Claim Requirements and is accompanied by written documentation of the loss sufficient to satisfy the Settlement Administrator that the loss is fairly traceable to the Data Incident.

No later than the Deadline to Process Claims, the Settlement Administrator must process Claim Forms to determine whether the claim is, in whole or in part, valid, invalid, or deficient.

### 4.3. Processing Deficient Claims and Opportunity to Cure.

If the Settlement Administrator determines that any Claim Form that has been submitted is deficient or that additional documentation or information is necessary to determine the validity of the claim, the Settlement Administrator shall promptly provide the person submitting the Claim Form with notice of the deficiency and request that the person provide the information or documentation necessary to process the Claim Form and to determine the validity of the claim. Failure of the person to provide the requested information by the Deadline to Cure Claims may result in denial of the claim, or part of it, by the Settlement Administrator.

### 4.4. Payment of Valid Claims.

No later than the Deadline to Pay Valid Claims, the Settlement Administrator must calculate and pay the valid claims (by check or electronic payment) and provide the Identity Theft Protection Services. The Net Settlement Fund will be responsible for providing the Settlement Administrator with all payments necessary to provide the benefits deemed valid by the Settlement Administrator within the Deadline to Pay Valid Claims.

In computing payment amounts for Cash Payments, the Settlement Administrator has authority to round payments to the nearest cent. If the total of all payments to be made exceeds the amount of the Net Settlement Fund, the Settlement Administrator shall randomly reduce a sufficient number of payments by one cent until the payments no longer exceed the Net Settlement Fund.

The Settlement Administrator shall report to Class Counsel and Defendants on a periodic basis, or as requested, regarding the status of valid, invalid, and deficient claims.

## 5. Releases.

Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Class Representatives and the Class Members, and their respective past, present, and future heirs, beneficiaries, conservators, executors, estates, administrators, assigns, agents, accountants, financial and other advisors, and any other representatives of any of these persons and entities ("**Releasing Parties**"), shall be deemed to have, and by operation of the Final Approval Order shall have, released and forever discharged Defendants, Delaware Life Insurance Company of New York, First Security Benefit Life Insurance and Annuity Company of New York, Standard Security Life Insurance Company of New York, and Heartland National Life Insurance Company, and all of their respective past, present, and future employees, officers, directors, affiliates, agents, vendors, attorneys, insurers, successors, parent companies, subsidiaries, and shareholders (the "**Releasees**") from all known and unknown claims, demands, damages, causes of action or suits seeking damages, or other legal or equitable relief

arising out of or in any way related to the Data Incident, including the claims asserted or which could have been asserted in the Litigation (the "**Released Claims**").

Upon the Effective Date: (a) this Agreement shall be the exclusive remedy for any and all Released Claims of Class Representatives and Class Members; and (b) Class Representatives and Class Members stipulate to be and shall be permanently barred and enjoined by the Court order from initiating, asserting, or prosecuting any Released Claim against the Releasees, whether on behalf of Class Representatives, any Class Member, or others, in any jurisdiction.

## 6.    Process for Court Approval of Settlement.

This Agreement is contingent on the Parties obtaining Court approval of the Agreement.

### 6.1.    Preliminary Approval.

No later than the Deadline to Move for Preliminary Approval, the Class Representatives must move the Court to enter the Preliminary Approval Order. Defendants will not oppose the motion, including not opposing class certification of the Settlement Class for purposes of settlement. The Settlement Class will exclude the Judge assigned to evaluate the fairness of this Agreement, and any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

### 6.2.    Preparation of the Class List.

No later than the Deadline to Provide the Class List, Defendants must provide the Settlement Administrator with information sufficient for the Settlement Administrator to mail each member of the Settlement Class the Summary Notice (the "**Class List**"). Before sending notice, the Settlement Administrator must update the addresses provided using the United States Postal Service's National Change of Address service.

### 6.3.    Notice to Members of the Settlement Class.

No later than the Deadline to Send Notice, the Settlement Administrator must do all of the following:

(a) Establish at a URL agreed to by Class Counsel and Defendants' counsel (the "**Settlement Website**") and post the Detailed Notice and the Claim Form to the Settlement Website, along with any other case documents requested to be posted by Class Counsel

(b) Establish a toll-free number and an e-mail address at which members of the Settlement Class may obtain information or contact the Settlement Administrator

(c) Mail the Summary Notice by United States mail to all persons on the Class List

If any mailed Summary Notice is returned as undeliverable with a forwarding address, then the Settlement Administrator must promptly cause the Summary Notice to be forwarded by mail to the listed forwarding address. If any mailed Summary Notice is returned as undeliverable without a forwarding address, then the Settlement Administrator must attempt to locate the correct address through a reasonable search and must promptly forward the Summary Notice to the address obtained from the search, if any.

The Costs of Notice and Administration will be paid as set forth on the Key Terms Page.

### 6.4.    Right of Members of the Settlement Class to Opt-Out.

Any member of the Settlement Class may choose to be excluded from the Settlement Class by complying with the requirements to opt-out set forth in the Detailed Notice no later than the Deadline to Opt-Out. Any person who submits a valid and timely request to opt-out will be excluded from the Agreement, will not receive the benefits of the Agreement, and will not be bound by any of its terms, including the Releases set forth in Paragraph 5 of the Agreement. Any member of the Settlement Class who does not submit a valid and timely opt-out will be bound by the Agreement. No later than the Deadline to Report Opt-Outs, the Settlement Administrator must report all opt-outs it has received to Class Counsel and counsel for Defendants.

### 6.5.    Right of Class Members to Object.

Any Class Member may object to the Agreement by complying with the requirements to submit an objection set forth in the Detailed Notice no later than the Deadline to Object.

### 6.6.    Final Approval.

At the final approval hearing, the Class Representatives and Defendants must move the Court to enter the Final Approval Order.

### 6.7.    Effective Date.

The Agreement will become effective and binding on the Effective Date.

7.    **Attorneys' Fees, Expenses, and Service Awards**

No later than the Deadline to File Motion for Fees, Expenses, and Service Awards, Class Counsel shall file a motion with the Court for consideration at the Final Approval hearing seeking to be paid attorneys' fees of up to the Attorneys' Fees Amount listed on the Key Terms Page, plus expenses, plus service awards of up to the Service Award Amount listed on the Key Terms Page. Defendants agree to take no position on requests that are no greater than these amounts.

No later than the Deadline to Pay Fees and Expenses, the Settlement Administrator must pay Class Counsel the amounts awarded by the Court for attorneys' fees and expenses from the Settlement Fund.

No later than the Deadline to Pay Service Awards, the Settlement Administrator must pay Class Counsel the amounts awarded by the Court for service awards from the Settlement Fund, and Class Counsel must promptly forward the payment to the recipients awarded by the Court.

8.    **No Admission of Liability**

Defendants are entering into this Agreement solely to compromise and settle the Litigation and to avoid the expense and uncertainty of continued litigation. This Agreement and any documents related to it shall not be construed as any admission of liability or any type of wrongdoing or misconduct or of any fact whatsoever, and Defendants expressly deny any wrongdoing, misconduct, or liability in the Litigation.

9.    **Termination of Agreement**

This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

a. Court approval of the Agreement including the Settlement Payment as consideration for the Agreement and the Releases set forth in Section 5 of this Agreement;

b. The Court has entered the Preliminary Approval Order;

c. The Court has entered the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of Final Approval; and

d. The Effective Date has occurred.

If any of the conditions specified in the preceding paragraph are not met, or if the Court otherwise imposes any modification to or condition to approval of the

10

settlement to which the Parties do not consent, then this Agreement shall be cancelled and terminated.

Defendants shall have the option to terminate this Agreement if more than 500 members opt-out of the Settlement Class. Defendants shall notify Class Counsel and the Court of its intent to terminate this Agreement pursuant to this paragraph within 30 days after the Deadline to Opt-Out, or the option to terminate shall be considered waived.

If this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Litigation as if the Parties had not entered into this Agreement, and the Parties shall jointly file a status report in the Court seeking to reopen the Litigation and all papers filed. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this Litigation or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

If this Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to Defendants. However, Defendants shall have no right to seek from the Class Representatives, Class Counsel, or the Settlement Administrator the Costs of Notice and Administration paid. After payment of any Costs of Notice and Administration that have been incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall return the balance of the Settlement Fund to Defendants within 21 days of termination.

In the event of a termination, this Agreement shall be considered null and void; all of Class Representatives', Class Counsel's, Defendants', Defendants' counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Litigation as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Agreement rights, claims, and defenses will be retained and preserved, and Defendants shall be entitled to object to certification of any class in this lawsuit.

If Agreement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this settlement or this Agreement shall not be discoverable or offered into evidence or used in the Litigation or any other action or proceeding for any purpose. In such event, all Parties to the Litigation shall stand in the same position as if this settlement and Agreement had not been negotiated, made, or filed with the Court.

## 10.    Additional Terms

### 10.1.   Agreement to Effectuate This Settlement

The Class Representatives, Class Counsel, Defendants, and Defendants' counsel agree to undertake their best efforts to effectuate this Agreement, including: (i) all steps that may be appropriate or necessary to secure the Court's preliminary and final approvals and entry of the Preliminary Approval Order and the Final Approval Order; and (ii) all steps that may be appropriate or necessary to oppose any challenges to or appeals from the Court's orders approving this Agreement.

### 10.2.   Integration Clause

This Agreement, including all exhibits to it, constitute the entire agreement between the Parties and can be modified only in writing. This Agreement, including all exhibits to it, constitute the entire agreement between the Parties, and supersede any prior understandings, agreements, or representations by or between the Parties, written or oral, to the extent they relate in any way to the subject matter of this Agreement. The Agreement is an integrated agreement, and no promise, inducement, or agreement separate from this Agreement has been made to the Parties.  The terms of this Agreement, including all exhibits to it, are binding upon and inure to the benefit of each of the Parties and their respective successors, heirs, and assigns.

### 10.3.   Execution in Counterparts and by Electronic Signature

This Agreement may be executed in counterparts, and each counterpart, when executed, shall be deemed to be an original. Parties may sign by electronic signature, such as DocuSign.

### 10.4.   No Construction Against the Drafter

Each Party has participated in negotiating and drafting this Agreement through counsel, so if an ambiguity or question of intent or interpretation arises, this Agreement is to be construed as if the Parties had drafted it jointly, as opposed to being construed against a Party. Further, each Party represents that they have each read this Agreement and are fully aware of and understand all of its terms and the legal consequences thereof.  The Parties represent that they have consulted or have had the opportunity to consult with and have received or have had the opportunity to receive advice from legal counsel in connection with their review and execution of this Agreement.

### 10.5.   Choice of Law, Forum, and Stipulation to Jurisdiction

This Agreement, including all exhibits to it, shall be governed by the laws of the State in which the Court is located, and the Parties to this Agreement stipulate that the Court has personal jurisdiction over them for purposes of administering,

interpreting, and enforcing this agreement. All proceedings relating to the administration, interpretation, and enforcement of this Agreement and related documents must be brought in the Court.

[Remainder of this page intentionally left blank]

## 11.   Signatures

Each Party is signing as of the date indicated next to that Party's signature.

---

Dated:_____

**GROUP 1001 INSURANCE HOLDINGS, LLC**

By:   _____

Its:   _____

**GROUP 1001 RESOURCES, LLC**

By:   _____

Its:   _____

**CLEAR SPRING LIFE AND ANNUITY COMPANY**

By:   _____

Its:   _____

**DELAWARE LIFE INSURANCE COMPANY**

By:   _____

Its:   _____

**Counsel for Defendants**

Dated: May 6, 2024
_____

By:   _____

Joseph W. Swanson
Foley & Lardner LLP

By:   _____

John E. Clabby
Carlton Fields, P.A.

---

14

## 11.    Signatures

Each Party is signing as of the date indicated next to that Party's signature.

Dated:_____

**GROUP 1001 INSURANCE HOLDINGS, LLC**

By: _____

Its: _____

**GROUP 1001 RESOURCES, LLC**

By: _____
Michael S. Bloom

Its: _____
Authorized Signer

**CLEAR SPRING LIFE AND ANNUITY COMPANY**

By: _____
Ryan T. Cloud

Its: _____
Chief Legal Officer

**DELAWARE LIFE INSURANCE COMPANY**

By: _____
Michael S. Bloom

Its: _____
Cheif Legal Officer

**Counsel for Defendants**

Dated:_____

By: _____
Joseph W. Swanson
Foley & Lardner LLP

By: _____
John E. Clabby
Carlton Fields, P.A.

## 11. Signatures

Each Party is signing as of the date indicated next to that Party's signature.

Dated:_____

**GROUP 1001 INSURANCE HOLDINGS, LLC**

By: _____
    David B. Snyder

Its: _____
    Secretary

**GROUP 1001 RESOURCES, LLC**

By: _____

Its: _____

**CLEAR SPRING LIFE AND ANNUITY COMPANY**

By: _____

Its: _____

**DELAWARE LIFE INSURANCE COMPANY**

By: _____

Its: _____

**Counsel for Defendants**

Dated:_____

By: _____
    Joseph W. Swanson
    Foley & Lardner LLP

By: _____
    John E. Clabby
    Carlton Fields, P.A.

14

**Class Representatives**

Dated: __05 / 06 / 2024__                              *Cary A Weigand*
                                                       _____
                                                       Cary Weigand

Dated: _____                               _____
                                                       Cheryl Schmidt

Dated: _____                               _____
                                                       Calvin Schmidt

Dated: _____                               _____
                                                       Juan McClendon

                                                       **Class Counsel**

Dated: _____       By:    _____
                                      Lynn A. Toops
                                      Cohen & Malad, LLP

                               By:    _____
                                      J. Gerard Stranch, IV
                                      Stranch, Jennings & Garvey, PLLC

[Remainder of this page intentionally left blank]

3

**Class Representatives**

Dated:_____

_____
Cary Weigand

Dated:__05 / 07 / 2024_____

*Cheryl Schmidt*
_____
Cheryl Schmidt

Dated:_____

_____
Calvin Schmidt

Dated:_____

_____
Juan McClendon

**Class Counsel**

Dated:_____       By:      _____
Lynn A. Toops
Cohen & Malad, LLP

By:      _____
J. Gerard Stranch, IV
Stranch, Jennings & Garvey, PLLC

[Remainder of this page intentionally left blank]

3

Doc ID: cfcfc5f85a33c438f669a6d09f06535dff13fa17

**Class Representatives**

Dated:_____          _____
                                     Cary Weigand

Dated:_____          _____
                                     Cheryl Schmidt

Dated:_05 / 07 / 2024_____          *Calvin Schmidt*
                                     _____
                                     Calvin Schmidt

Dated:_____          _____
                                     Juan McClendon

                                     **Class Counsel**

Dated:_____    By:   _____
                                     Lynn A. Toops
                                     Cohen & Malad, LLP

                               By:   _____
                                     J. Gerard Stranch, IV
                                     Stranch, Jennings & Garvey, PLLC

[Remainder of this page intentionally left blank]

Doc ID: 1e2961337d7ed96e4eba02fbb790be2b9e2dec58

**Class Representatives**

Dated:_____     _____
                                Cary Weigand

Dated:_____     _____
                                Cheryl Schmidt

Dated:_____     _____
                                Calvin Schmidt

Dated: 5/6/2024                 _____
                                Juan McClendon

                                **Class Counsel**

Dated:_____     By: _____
                                    Lynn A. Toops
                                    Cohen & Malad, LLP

                                By: _____
                                    J. Gerard Stranch, IV
                                    Stranch, Jennings & Garvey, PLLC

[Remainder of this page intentionally left blank]

**Class Representatives**

Dated:_____

_____
Cary Weigand

Dated:_____

_____
Cheryl Schmidt

Dated:_____

_____
Calvin Schmidt

Dated:_____

_____
Juan McClendon

**Class Counsel**

Dated: 5/7/2024

By: _____
Lynn A. Toops
Cohen & Malad, LLP

By: _____
J. Gerard Stranch, IV
Stranch, Jennings & Garvey, PLLC

[Remainder of this page intentionally left blank]

# EXHIBIT A
# (SUMMARY NOTICE)

WEIGAND, et al. v. GROUP 1001 INSURANCE HOLDINGS, LLC, et al.
c/o Kroll Settlement Administration LLC
PO Box XXXX
New York, NY 10150-XXXX

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**ELECTRONIC SERVICE REQUESTED**

**NOTICE OF CLASS ACTION**
**SETTLEMENT**

If you received this Notice, you have been identified as someone eligible to submit a claim for a *pro rata* Cash Payment under a class action settlement regarding a Data Incident.

**www.xxxxxxxxxxxxxxxxxx.com**

<<Refnum Barcode>>

Class Member ID: <<Refnum>>

**Postal Service: Please do not mark or cover**

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>
<<Country>>

**Who is a Class Member?**
In the litigation *Weigand, et al. v Group 1001 Insurance Holdings, LLC, et al.*, No.1:23-cv-01452-RLY-TAB, you are a Class Member if you are an individual whose personal information may have been compromised as a result of the Data Incident, that occurred on or about February 9, 2023, as defined in the Class List.

**What are the settlement benefits and terms?** Class Members who file a valid claim may receive any one or more of: reimbursement for Out-of-Pocket Losses, Lost Time, and a *pro rata* Cash Payment from the Net Settlement Fund. All Class Members can also receive 3 years of Identity Theft Protection Services. The Net Settlement Fund is the amount of funds that remain from the $4,759,470 Settlement Fund following payment of: Costs of Notice and Administration, Class Representative Service Award, and any Attorneys' Fees Amount. More information is available on the Settlement Website.

### What are your rights and options?

**Submit a Claim Form.** To qualify for payment under this settlement, you must timely mail a Claim Form that is attached to this notice or timely complete and submit a Claim Form online at **www.xxxxxxxxxxxxxxx. c o m.** You can make a claim for Out-of-Pocket Losses and Lost Time online only, but you can make a claim for a Cash Payment and/or Identity Theft Protection Services through the attached Claim Form or online. Your Claim Form must be postmarked or submitted online no later than the Deadline to Submit Claims of <<Deadline to Submit Claims>>.

**Opt-Out.** You may exclude yourself from the settlement and retain your ability to sue the Defendants on your own by mailing a request to opt out to the Settlement Administrator that is postmarked no later than <<Deadline to Opt-Out>>. If you do not exclude yourself, you will be bound by the Agreement and give up your right to sue regarding the Released Claims.

**Object.** If you do not exclude yourself, you have the right to object to the Agreement. Written objections must be signed, postmarked no later than <<Objection Deadline >>, and must provide the reasons for your objection necessary to support your objection. You may also appear at the Final Approval Hearing. Further instructions can be found in the Detailed Notice and in the Settlement Agreement located on the Settlement Website **www.xxxxxxxxxxxxxxx.com**.

**Do Nothing.** If you do nothing, you will not receive a Class Member payment and will lose the right to sue regarding the Released Claims. You will be bound by the Court's decision because this is a conditionally certified class action.

**Attend the Final Approval Hearing.** The Court will hold a Final Approval Hearing at <<time>> on <<Date>>, to determine if the Agreement is fair, reasonable, and adequate. All persons who timely object to the settlement may appear at the Final Approval Hearing, but you do <u>not</u> need to attend unless you want to.

**Who are the attorneys for the Plaintiffs and the proposed Settlement Class?** The Court appointed Lynn A. Toops of Cohen & Malad, LLP; and J. Gerard Stranch, IV, of Stranch, Jennings & Garvey PLLC to represent the Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

**Do I have any obligation to pay attorneys' fees or expenses?** No. The Attorneys' Fees Amount will be paid exclusively from the Settlement Fund as awarded and approved by the Court. The Attorneys' Fees Amount will be in an amount equal to $x,xxx,xxxx. The Motion for Fees, Expenses, and Service Awards will be posted on the Settlement Website after it is filed with the Court.

**What is the amount of the Plaintiffs' Service Awards?**
The Plaintiffs (as Class Representatives) will seek service awards of up to $5,000 (each) for their time, effort and service to the Settlement Class in this matter.

**Where may I locate a copy of the Agreement, learn more about the case or submitting a claim, and see definitions of capitalized terms?**
**www.xxxxxxxxxxxxxxxxxx.com** .

**This Notice is a summary of the proposed settlement.**

# EXHIBIT B
# (DETAILED NOTICE)

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
### United States District Court Southern District of Indiana

*Weigand, et al. v Group 1001 Insurance Holdings, LLC, et al.*, Case No. 1:23-cv-01452-RLY-TAB

### A Court has authorized this Notice. This is not a solicitation from a lawyer.

---

### If You Previously Received a Notice Stating You Were Potentially Impacted by the Defendants' Data Incident, You Are Eligible to Receive Payments from a Class Action Settlement

---

- If you are receiving this Notice, you are eligible to receive a payment from a proposed $4,759,470 class action settlement (the "Settlement Fund"). To be eligible to make a claim, you must be one of the persons whose personal information may have been compromised as a result of the Data Incident perpetrated on Group 1001 Insurance Holdings, LLC, Group 1001 Resources, LLC, Clear Spring Life and Annuity Company, and Delaware Life Insurance Company (collectively, "Defendants"), as identified on the Class List.
- The class action lawsuit concerns the Data Incident involving the potential exposure of the confidential, personal information of approximately 475,947 of Defendants' and their affiliates' and cedents' current, former, and prospective customers, employees, employee dependents, payees, annuitants, beneficiaries, agents, and others, on or about February 9, 2023.
- Defendants deny any wrongdoing and deny that they have any liability but have agreed to settle the Litigation on a class-wide basis.
- Eligible claimants under the Agreement will be eligible to receive:

  - ❖ **Reimbursement for any Out-of-Pocket Losses and/or Lost Time as a result of the Data Incident; and**
  - ❖ ***Pro Rata* Cash Payment; and**
  - ❖ **Identity Theft Protection Services (including credit monitoring).**

- To submit a claim visit **www.xxxxxxxxxxxxxxx.com** or call **(XXX) XXX-XXXX** to request a Claim Form. Your must submit a Claim Form online or to be postmarked no later than **<<Claims Deadline>>.**
- For more information, visit **www.xxxxxxxxxxxxxxx.com** or call **(XXX) XXX-XXXX** Monday through Saturday, between 8:30 a.m. and 5:00 p.m. E.T.
- **Please read this Notice carefully.  Your legal rights will be affected, and you have a choice to make at this time.**

|  | Summary of Legal Rights | Deadline(s) |
|---|---|---|
| **Submit a Claim Form** | The only way to receive a payment from the settlement. | Submitted or postmarked on or before **<<Claims Deadline>>** |

| **Exclude Yourself by Opting Out of the Settlement Class** | Receive no payment. This is the only option that allows you to keep your right to bring any other lawsuit against the Releasees for the same claims. | Mailed and postmarked on or before **<<Exclusion Deadline>>** |
| **Object to the Settlement and/or Attend the Final Approval Hearing** | You can write the Court about why you agree or disagree with the settlement. The Court cannot order a different settlement. You can also ask to speak to the Court at the Final Approval Hearing on **<<Final Approval Hearing Date>>,** about the fairness of the settlement, with or without your own attorney. | Mailed and postmarked on or before **<<Objection Deadline>>** |
| **Do Nothing** | Receive no payment from the settlement. Give up any right to bring any other lawsuit against the Releasees for the same claims. | N/A |

- Your rights and options as a Class Member – **and the deadlines to exercise your rights** – are explained in this Notice.
- The Court still will have to decide whether to approve the settlement. Payments to Class Members will be made only if the Court approves the settlement and after any possible appeals are resolved.

## What This Notice Contains

Basic Information ................................................................................................................ 3

Who is in the Settlement ...................................................................................................... 3

The Settlement Benefits—What You Get if You Qualify ...................................................... 4

How Do You Submit a Claim .............................................................................................. 5

Excluding Yourself from the Settlement ............................................................................... 6

Objecting to the Settlement .................................................................................................. 7

The Lawyers Representing You ............................................................................................ 8

The Court's Final Approval Hearing .................................................................................... 8

If You Do Nothing ............................................................................................................... 9

Getting More Information ..................................................................................................... 9

## BASIC INFORMATION

| 1. | Why is there a Notice? |
|----|------------------------|

The Court authorized this Notice because you have a right to know about the settlement, and all of your options, before the Court decides whether to give "final approval" to the settlement. This notice explains the nature of the litigation that is the subject of the settlement, the general terms of the settlement, and your legal rights and options.

Judge Richard L. Young of the United States District Court Southern District of Indiana is overseeing this case captioned as *Weigand, et al. v Group 1001 Insurance Holdings, LLC, et al.*, Case No.: 1:23-cv-01452-RLY-TAB. The people who brought the litigation are called the Plaintiffs. The companies being sued, Group 1001 Insurance Holdings, LLC, et al., are called the Defendants.

| 2. | What is the litigation about? |
|----|-------------------------------|

The litigation alleges Defendants were liable for the Data Incident under claims for negligence, negligence per se, breach of implied contract, unjust enrichment, breach of fiduciary duty, breach of confidence, and intrusion upon seclusion/invasion of privacy, and the litigation also sought a declaratory judgment.

Defendants deny these claims and say they did nothing wrong. No court or other judicial entity has made any judgment or other determination that Defendants have done anything wrong.

| 3. | Why is this a class action? |
|----|-----------------------------|

In a class action, one or more people called class representatives or representative plaintiffs sue on behalf of all people who have similar claims. Together, all of these people are called a "Class" or, if settling, a "Settlement Class," and the individuals are called "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Settlement Class.

| 4. | Why is there a settlement? |
|----|----------------------------|

The Court has not decided in favor of the Plaintiffs or Defendants. Instead, both sides agreed to the settlement in the Agreement. The settlement avoids the cost and risk of a trial and related appeals, while providing benefits to Class Members. The Class Representatives appointed to represent the Settlement Class, and the attorneys for the Settlement Class ("Class Counsel," see Question 18) think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT?

| 5. | How do I know if I am part of the settlement? |
|----|-----------------------------------------------|

You are affected by the settlement and are potentially a Class Member if you are identified on the Class List, which means your Personal Information may have been compromised as a result of the Data Incident.

Only Class Members are eligible to receive benefits under the settlement.  Specifically excluded from the Settlement Class are all persons who timely and validly request exclusion from the Settlement Class, the Judge assigned to evaluate the fairness of this settlement, and any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

**6.    What if I am not sure whether I am included in the settlement?**

If you are not sure whether you are included in the settlement, you may call (XXX) XXX-XXXX with  questions. You may also write with questions to:

Weigand, et al., v Group 1001 Insurance Holdings, LLC, et al.
c/o Kroll Settlement Administration LLC
PO Box xxxxx
New York, NY 10150-xxxx

**THE SETTLEMENT BENEFITS–WHAT YOU GET IF YOU QUALIFY**

**7.    What does the settlement provide?**

The  settlement  provides  that  Defendants  pay $4,759,470 into a non-reversionary Settlement Fund. After the distribution of attorneys' fees, Class Counsel's litigation expenses, Costs of Notice and Administration, and Service Awards to the Class Representatives, the remaining funds (the "Net Settlement Fund") will be used to pay for valid claims for: (a) Out-of-Pocket Losses (b) Lost Time (c) *Pro Rata* Cash Payment; and (d) Identity Theft Protection Services. Note that in the event total valid claims would cause the *Pro Rata* Cash Payment to be less than $5, the *Pro Rata* Cash Payment will be set to $5 and payments on all other valid claims will be reduced *pro rata*.

If there are unclaimed finds, the Settlement Administrator will make a *cy pres* payment subject to adjustment, out of any remaining funds to the Indiana Community Action Association, Inc.

Payment of attorneys' fees, costs and expenses (see Question 19) and the Costs of Notice and Administration of the settlement will also be  paid out of the Settlement Fund.

**8.    What payments are available for reimbursement under the settlement?**

Class Members who submit a valid claim are eligible to receive under the Agreement:

a)  ***Reimbursement for Out-of-Pocket Losses:*** All Class Members are eligible to recover compensation for up to $5,000 per person for Out-of-Pocket Losses incurred as a result of the Data Incident, including but not limited to:

- bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), miscellaneous qualified expenses subject to explanation, such as postage, notary, fax, copying, mileage, and/or gasoline for local travel;

- fees for credit reports, credit monitoring, and/or other identity theft insurance product purchased between the date of the Data Incident and <<Claims Deadline>>; Class Members submitting claims for Out-of-Pocket Losses must submit documentation supporting their claims by an attestation, which is part of this Claim Form.

b) ***Reimbursement for Lost Time***: Class Members may make a claim for self-certified time spent related to the effects or potential effects of the Data Incident. Each Class Member may claim up to $80 of lost time (calculated at $20/hour, up to 4 hours) by simply attesting to the fact that they expended such time and describing how the time was spent.

c) ***Pro Rata Cash Payment:*** In the alternative of reimbursements, any Class Member may submit a claim for a Cash Payment for no less than $5 (subject to increase based on the total Net Settlement Fund remaining after payment of all other claim types).

d) ***Identity Theft Protection Services:*** In addition to the benefits above, Class Members can receive 3 years of credit monitoring and identity theft protection services (including $1,000,000 in identity theft insurance) at no cost.

## HOW DO YOU SUBMIT A CLAIM?

### 9.     How do I get a benefit?

To receive a benefit under the settlement, you must complete and submit a claim online at www.xxxxxxxxxxxxxxxxxx.com, or by mail to Weigand, et al. v Group 1001 Insurance Holdings, LLC, et al., c/o Kroll Settlement Administration LLC, PO Box xxxxx, New York, NY 10150-xxxx. Read the Claim Form instructions carefully, fill out the Claim Form, provide the required documentation, and submit online by <<Claims Deadline>> or by mail to be postmarked by <<Claims Deadline>>.

### 10.    How will claims be decided?

The Settlement Administrator will decide whether and to what extent any claim made on each Claim Form is valid.  The Settlement Administrator may require additional information from you.  If you do  not provide the additional information in a timely manner, the claim will be considered invalid and  will not be paid.

In order for any claim to be valid, the following requirements must be met (all three of these requirements, collectively the "Basic Claim Requirements"):

(i)     the claim must be submitted by a Class Member or the Class Member's authorized legal representative;

(ii)    the information required to process the claim on the Claim Form must have been completed; and

(iii)   the original claim must have been submitted on or before the <<Deadline to Submit Claims.>>

A claim for an Identity Theft Protection Services, Cash Payment, or Lost Time will be valid so long as it meets the Basic Claim Requirements.

A claim for Out-of-Pocket Losses will be valid so long as it meets the Basic Claim Requirements and is accompanied by written documentation of the loss sufficient to satisfy the Settlement Administrator that the loss is fairly traceable to the Data Incident.

No later than the <<Claims Deadline>>, the Settlement Administrator must process Claim Forms to determine whether the claim is, in whole or in part, valid, invalid, or deficient.

## 11.  When will I get my payment?

The Court will hold a hearing on <<DATE>>, at <<TIME>> a.m. ET to decide whether to approve the settlement. You do not need to attend. If the Court approves the Agreement, there may be appeals from that decision and resolving them can take time, perhaps more than a year. It also takes time for all of the Claim Forms to be processed. Please be patient.

## 12.  What am I giving up as part of the settlement?

The Releasees get a release from all claims covered by this settlement. Thus, if the settlement becomes final and you do not exclude yourself from the settlement, you will be a Class Member and you will give up your right to sue Defendants, Delaware Life Insurance Company of New York, First Security Benefit Life Insurance and Annuity Company of New York, Standard Security Life Insurance Company of New York, and Heartland National Life Insurance Company, and all of their respective past, present, and future employees, officers, directors, affiliates, agents, vendors, attorneys, insurers, successors, parent companies, subsidiaries, and shareholders from all known and unknown claims, demands, damages, causes of action or suits seeking damages, or other legal or equitable relief arising out of or in any way related to the Data Incident, including claims asserted or which could have been asserted in the Litigation. The release is described in the Agreement, which is available at www.xxxxxxxxxxxxxxxxxxx.com. If you have any questions, you can contact the law firms listed in Question 18 for free or you can talk to your own lawyer.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of the settlement, then you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class.

## 13.  If I exclude myself, can I get a payment from this settlement?

No. If you exclude yourself, you will not be entitled to receive any benefits from the settlement and you will not be bound by any judgment.

## 14.  If I do not exclude myself, can I sue released persons for the same thing later?

No. Unless you exclude yourself, you give up any right to sue any Releasees for the claims that this settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form to ask for any benefit under the Agreement.

## 15.  How do I exclude myself from the settlement?

To exclude yourself, send a letter or request to opt out that says you want to be excluded from the settlement in *Weigand, et al. v Group 1001 Insurance Holdings, LLC, et al.*, Case No. 1:23-cv-01452-RLY-TAB. The letter must: (a) state your full name, address, and telephone number; (b) contain your personal and original signature or the original signature of a person authorized by law to act on your behalf; and (c) state unequivocally your intent to be excluded from the Agreement. You must mail your exclusion request to be postmarked by the Deadline to Opt-Out <<Exclusion Deadline>>, to:

Weigand, et al. v Group 1001 Insurance Holdings, LLC, et al.
c/o Kroll Settlement Administration LLC
PO Box XXXXX
New York, NY 10150-XXXX

## OBJECTING TO THE SETTLEMENT

**16.   How do I tell the Court that I do not like the settlement?**

You can tell the Court that you do not agree with the settlement or some part of it by objecting to the settlement. To object, you must mail your objection to the Settlement Administrator at the mailing addresses listed below, to be postmarked by **no later** than the Deadline to Object, **<<Deadline to Object>>**:

Objections to Weigand, et al. v Group 1001 Insurance Holdings, LLC, et al.
c/o Kroll Settlement Administration LLC
PO Box XXXXX
New York, NY 10150-XXXX

The Settlement Administrator will forward your objection and any accompanying documentation to Class Counsel and counsel for Defendants, and Class Counsel will file it with the Court.

Your objection must be written and must include all of the following: (i) your full name and address; (ii) the case name and docket number, *Weigand, et al. v Group 1001 Insurance Holdings, LLC, et al.*, Case No. 1:23-cv-01452-RLY-TAB; (iii) information identifying you as a Class Member; (iv) a statement as to whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class; (v) a detailed written statement of the specific legal and factual basis for each and every objection, accompanied by any legal support for the objection the objector believes applicable; (vi) the identity of any counsel representing you in connection with the objection; (vii) a statement whether you intend to appear at the Final Approval Hearing, either in person or through counsel; (viii) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objections and any documents to be presented or considered; and (ix) your signature or the signature of the your duly authorized attorney or other duly authorized representative (if any) representing you in connection with the objection.

**17.   What is the difference between objecting and asking to be excluded?**

Objecting is telling the Court that you do not like the settlement and why you do not think it should be approved. You can object only if you are a Class Member. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any payment from the settlement. If you exclude yourself, you have no basis to object because you are no longer a Class Member, and the case no longer affects you. If you submit both a valid objection and a valid request to be excluded, you will be deemed to have only submitted the request to be excluded.

## THE LAWYERS REPRESENTING YOU

**18.   Do I have a lawyer in this case?**

Yes. The Court appointed Lynn A. Toops of Cohen & Malad, LLP; and J. Gerard Stranch, IV, of Stranch, Jennings & Garvey, PLLC, as Class Counsel to represent the Settlement Class in settlement negotiations. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 19.   How will the lawyers be paid?

Class Counsel will ask the Court for an award for attorneys' fees up to $x,xxx,xxx,xx, plus reasonable expenses. This payment for attorneys' fees will be made out of the Settlement Fund.

Class Counsel will also ask the Court for a Service Award up to $5,000 for each of the Class Representatives.

Any award for attorneys' fees, costs and expenses for Class Counsel, and for Service Awards to the Class Representatives must be approved by the Court. The Court may award less than the amounts requested. Class Counsel's papers in support of final approval of the settlement will be filed no later than **<<Deadline to File Motion for Final Approval>>** and their motion for attorneys' fees, expenses, and Service Awards will be filed no later than **<<Deadline to File Motion for fees, expenses, and Service Awards>>** and will be posted on the Settlement Website.

## THE COURT'S FINAL APPROVAL HEARING

## 20.   When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval Hearing at **<<TIME>> a.m. ET on <<DATE>>**, at the **<<Court Address>>** or by remote or virtual means as ordered by the Court. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are timely and valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the request for an award of attorneys' fees and reasonable costs and expenses, as well as the request for Service Awards for the Class Representatives. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so Class Counsel recommends checking the Settlement Website **www.xxxxxxxxxxxxxxxx.com,** or calling (XXX) XXX-XXXX.

## 21.   Do I have to attend the hearing?

No. Class Counsel will present the Agreement to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to visit the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 16, the Court will consider it.

## 22.   May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file an objection according to the instructions in Question 16, including all the information required.

## IF YOU DO NOTHING

## 23.   What happens if I do nothing?

If you do nothing, you will not get any money from this settlement. If the settlement is granted final approval and the judgment becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the other released persons

based on any of the released claims.

## GETTING MORE INFORMATION

**24.   How do I get more information?**

This notice summarizes the settlement. More details, and definitions for certain capitalized terms in this notice, are in the Agreement  itself.  A copy of the Agreement is available at www.xxxxxxxxxxxxxx.com.  You may also call or email the Settlement Administrator with questions or to receive a Claim Form at (XXX) XXX-XXXX.

# EXHIBIT C
# (CLAIM FORM)

**\*000000000000\***

0 0 0 0 0 0 0 0 0 0 0 0

<table>
<tr>
<td>**Your claim must be submitted online or <u>postmarked by</u>:** <span style="background:yellow">**<< Claims Deadline>>**</span></td>
<td style="text-align:center">**CLAIM FORM FOR <span style="background:yellow"><<CAPTION>></span> DATA BREACH**<br><br>*Weigand, et al. v Group 1001 Holdings, LLC, et al. Data Breach Litigation*<br>Case No.: <span style="background:yellow"><<NUMBER>></span><br><span style="background:yellow"><<COURT VENUE>></span></td>
<td>**CORRECTCARE-C**</td>
</tr>
</table>

## <u>GENERAL INSTRUCTIONS</u>

If you received a Summary Notice of this settlement, the Settlement Administrator identified you as a Class Member whose personal information may have been involved in the Data Incident and were notified by Group 1001 Insurance Holdings, LLC, Group 1001 Resources, LLC, Clear Spring Life and Annuity Company, Delaware Life Insurance Company, or their affiliates and cedents, that your personal information may have been accessed by unauthorized individuals. You may submit a claim for settlement compensation, outlined below. Please refer to the Detailed Notice and the Agreement, both posted on the Settlement Website <span style="background:yellow">www.xxxxxxxxxxxxxxxxxx.com</span>, for more information on submitting a Claim Form and for definitions of certain capitalized terms, respectively.

**<u>If you wish to receive Identity Theft Protection Services, compensation for Out-of-Pocket Losses or Lost Time spent dealing with the Data Incident, and/or a *pro rata* Cash Payment from this settlement, you must submit the Claim Form below by <span style="background:yellow"><<Claims Deadline>>.</span></u>**

This Claim Form may be submitted electronical*y via* the Settlement Website at <span style="background:yellow">www.xxxxxxxxxxxxxxx.com</span> or completed and mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

> *Weigand, et al. v Group 1001 Insurance Holdings, LLC et al.*
> *c/o* Kroll Settlement Administration LLC
> PO Box <span style="background:yellow">XXXX</span>
> New York, NY 10150-<span style="background:yellow">XXXX</span>

**<u>You may submit a claim for the following benefits:</u>**

1)      **Reimbursement for Out-of-Pocket Losses**: All Class Members are eligible to recover compensation for up to $5,000 per person for Out-of-Pocket Losses incurred as a result of the Data Incident, including but not limited to: (i) bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), miscellaneous qualified expenses subject to explanation, such as postage, notary, fax, copying, mileage, and/or gasoline for local travel; (ii) fees for credit reports, credit monitoring, and/or other identity theft insurance product purchased between the date of the Data Incident and <span style="background:yellow"><<Claims Deadline>></span>. Class Members submitting claims for Out-of-Pocket Losses must submit documentation supporting their claims by an attestation under penalty of perjury, which is part of this Claim Form.

2) **Reimbursement for Lost Time:** Class Members may make a claim for self-certified time spent related to the effects or potential effects of the Data Incident. Each Class Member may claim up to $80 of lost time (calculated at $20/hour, up to 4 hours) by simply attesting to the fact that they expended such time and describing how the time was spent.

3)      ***Pro Rata* Cash Payment**: In addition, any Class Member may submit a claim for a Cash Payment of no less than $5 (subject to increase based on the total Net Settlement Fund remaining after payment of all other claim types).

4)      **Identify Protection Services:** In addition to the benefits above, Class Members are eligible to receive 3 years of credit monitoring and identity theft protection services (including $1,000,000 in identity theft insurance) at no cost.

**Questions? Go to <span style="background:yellow">www.xxxxxxxxxxxxxxxxxxx.com</span>or call (XXX) XXX-XXXX.**

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0

| | | |
|---|---|---|
| **Your claim must be submitted online or postmarked by:** <mark>**<<Claims Deadline>>**</mark> | **CLAIM FORM FOR GROUP 1001 DATA BREACH** <br><br> *Weigand, et al. v Group 1001 Insurance Holdings, LLC, et al.* <br> Case No.: 1:23-cv-01452-RLY-TAB <br> United States District Court, Southern District of Indiana | **GROUP 1001-C** |

73135                                    CF                                    Page 1 of 5

## I. PAYMENT SELECTION

If you would like to elect to receive the cash component of your settlement benefits through electronic transfer, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

## II. CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

_____        _____
**First Name**                                                        **Last Name**

_____
**Address 1**

_____
**Address 2**

_____  ___ ___   ___ ___ ___ ___ ___
**City**                                                                **State**            **Zip Code**

**Email Address (optional):** _____@_____

**Telephone Number:** ( ____ ____ ____ ) ____ ____ ____ - ____ ____ ____ ____

## III. PROOF OF DATA INCIDENT SETTLEMENT CLASS MEMBERSHIP

☐        Check this box to certify that you are an individual who may have been involved in the Data Incident and were notified that your personal information may have been impacted as a result of the Data Incident and that you are not one of Defendants' officers, directors, or legal representatives or one of the judges or court personnel in this case or a member of their immediate families.

Enter the Class Member ID Number provided on your Postcard Notice:

**Class Member ID : 0 0 0 0 0** ____ ____ ____ ____ ____ ____ ____ ____

**Questions? Go to** <mark>www.xxxxxxxxxxxxxxxxxxxxxxxx.com</mark>**or call (XXX) XXX-XXXX.**

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0

<table>
<tr><td>
**Your claim must be submitted online or postmarked by:**
<mark>**<<Claims Deadline>>**</mark>
</td><td>
## CLAIM FORM FOR GROUP 1001 DATA BREACH

*Weigand, et al. v Group 1001 Insurance Holdings, LLC, et al.*
Case No.: 1:23-cv-01452-RLY-TAB
United States District Court, Southern District of Indiana
</td><td>
**GROUP 1001-C**
</td></tr>
</table>

☐ **OPTION 1: COMPENSATION FOR OUT-OF-POCKET LOSSES**

All Class Members are eligible to recover compensation for up to $5,000 per person for Out-of-Pocket Losses incurred as a result of the Data Incident, including:

*Out of pocket expenses incurred* as a direct result of the Data Incident, including but not limited to:

(i)    Bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), miscellaneous qualified expenses subject to explanation, such as postage, notary, fax, copying, mileage, and/or gasoline for local travel; and

(ii)    Fees for credit reports, credit monitoring, and/or other identity theft insurance product purchased between the date of the Data Incident and <<Claims Deadline>>.

**You must submit documentation to obtain this reimbursement.**

☐    I have attached documentation showing that the claimed losses were more likely than not caused by the Data Incident. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| Example: Identity Theft Protection Service | 0 7/17/2 0 (mm/dd/yy) | $50.00 | Copy of identity theft protection service bill |
| | ___/___/___ (mm/dd/yy) | $_____._____ | |
| | __ ___/___/___ (mm/dd/yy) | $_____._____ | |
| | __ ___/___/___ (mm/dd/yy) | $_____._____ | |

**Questions? Go to** <mark>www.xxxxxxxxxxxxxxxxxxxxxxxxx.com</mark> **or call (XXX) XXX-XXXX.**

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**
<mark>**<<Claims Deadline>>**</mark>

</td><td>

## CLAIM FORM FOR GROUP 1001 DATA BREACH

*Weigand, et al. v Group 1001 Insurance Holdings, LLC, et al.*
Case No.: 1:23-cv-01452-RLY-TAB
United States District Court, Southern District of Indiana

</td><td>

**GROUP 1001-C**

</td></tr>
</table>

---

☐ **OPTION 2: REIMBURSEMENT FOR LOSS TIME**

---

**Hours of Attested Time:** _____ _____

**Please provide a brief description of the actions taken in response to the Data Incident and (b) the time associated with each action; (You may attach additional pages if necessary).**

_____
_____

---

☐ **OPTION 3: *PRO RATA* CASH PAYMENT**

---

☐     ***Pro Rata* Cash Payment**. Check the box if you wish to receive a Cash Payment for no less than $5 (subject to increase based on the total Net Settlement Fund remaining after payment of all other claim types). This payment will be calculated as your *pro rata* amount of the Net Settlement Fund that remains after all payments for Identity Theft Protection Services, Out-of-Pocket Losses, and Lost Time, based on the number of people who submit a valid claim for any of the benefits of this settlement. If you submit a valid claim for a different benefit, you will also automatically receive a *pro rata* Cash Payment.

## IV. IDENTITY THEFT PROTECTION SERVICES

☐     **3 years of Identity Theft Protection Services**

Check the box above if you wish to receive 3 years of credit monitoring and identity theft protection services (including $1,000,000 in identity theft insurance) at no cost to you. If your claim is approved you will receive an activation for the service by mail or email, along with instructions on how to activate the service. If you select this benefit, you may also claim reimbursement for Out-of-Pocket Losses, Lost Time, and/or a Cash Payment by completing the appropriate information above an checking the boxes for those benefits.

## V. ATTESTATION & SIGNATURE

I affirm under the laws the United States that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____     ____ ____ / ____ ____ / ____ ____ ____ ____
Signature                                                                             Date

_____
Print Name

**Questions? Go to <mark>www.xxxxxxxxxxxxxxxxxxx.com</mark> or call (XXX) XXX-XXXX.**

\*00000\*                    \*CF\*                    \*Page 4 of 5\*

**Reminder Checklist.**

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0

<table>
<tr><td>

**Your claim must be submitted online or <u>postmarked by</u>:**
<mark>**<<Claims Deadline>>**</mark>

</td><td>

### CLAIM FORM FOR GROUP 1001 DATA BREACH

*Weigand, et al. v Group 1001 Insurance Holdings, LLC, et al.*
Case No.: 1:23-cv-01452-RLY-TAB
United States District Court, Southern District of Indiana

</td><td>

**GROUP 1001-C**

</td></tr>
</table>

•       Keep copies of the completed Claim Form and documentation for your own records.

•       If your address changes or you need to make a correction to the address on this Claim Form, you may notify the Settlement Administrator in charge of administrating the settlement of your new mailing address by writing to: XXXX c/o Kroll Settlement Administration, PO Box XXXX, New York, NY. Please make sure to include your Class Member ID and your phone number in case we need to contact you in order to complete your request.

•       Please do not provide any sensitive documents that may contain personal information via email to the Settlement Administrator. If you need to supplement your claim submission with additional documentation, please  provide these documents by mail to XXXX c/o Kroll Settlement Administration, PO Box XXXX, New York, NY.

For more information, please visit the Settlement Website at [<mark>insert Settlement Website URL</mark>], or call the Settlement Administrator at <mark>(XXX) XXX-XXXX</mark>. Please do not call the Court or the Clerk of the Court for additional information.

**Questions? Go to <mark><u>www.xxxxxxxxxxxxxxxxxxxx.com</u></mark> or call (XXX) XXX-XXXX.**

*00000*          *CF*          *Page 5 of 5*

00000          CF          Page 5 of 5

# EXHIBIT D
# (PRELIMINARY APPROVAL ORDER)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

|  |  |
|---|---|
| CARY WEIGAND, CHERYL SCHMIDT, and CALVIN SCHMIDT, individually and on behalf of a class of similarly situated persons,<br><br>  *Plaintiffs*,<br><br>v.<br><br>GROUP 1001 INSURANCE HOLDINGS, LLC; GROUP 1001 RESOURCES, LLC; CLEAR SPRING LIFE AND ANNUITY COMPANY; and DELAWARE LIFE INSURANCE COMPANY,<br><br>  *Defendants*. | Case No. 1:23-CV-01452-RLY-TAB |

## <u>PRELIMINARY APPROVAL ORDER</u>

Cary Weigand, Cheryl Schmidt, Calvin Schmidt, and Juan McClendon (collectively "Plaintiffs" or "Class Representatives"), and Group 1001 Insurance Holdings, LLC; Group 1001 Resources, LLC; Clear Spring Life and Annuity Company; and Delaware Life Insurance Company (collectively "Defendants"), have entered into a proposed Class Action Settlement Agreement (the "Agreement"). Plaintiffs have moved the Court to grant preliminary approval to the Agreement under Federal Rule of Civil Procedure 23(e), to approve the form and method for giving notice of the proposed settlement to the Settlement Class, and to schedule a final approval hearing on the Agreement after the deadlines to object to, or opt out of, the Agreement have passed. Defendants do not oppose the motion.

1

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.     Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Agreement.

2.     This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Plaintiffs and Defendants (the "Parties").

3.     The Court finds that the Court will likely be able to certify the proposed Settlement Class for purposes of entry of judgment, defined as:

> All individuals whose personal information may have been compromised as a result of the Data Incident, as identified on the Class List.[1]

4.     Specifically, the Court finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) appear to be met:

> a.   The class is so numerous that joinder of all members is impracticable, as there are thousands of Class Members;
>
> b.   There are questions of law or fact common to the class based upon the claims raised in the lawsuit relating to the Data Incident that predominate over questions affecting only individual members, such as whether Defendants breached any duty in failing to protect Class Members' data from unauthorized access;
>
> c.   The claims of the Class Representatives are typical of the claims of the Settlement Class as they arise from the Data Incident;
>
> d.   The Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to the Settlement Class and Class Counsel are experienced in complex class action litigation; and

---

[1] "Data Incident" means the incident involving the potential exposure of the confidential, personal information of approximately 475,947 of Defendants' and their affiliates' and cedents' current, former, and prospective customers, employees, employee dependents, payees, annuitants, beneficiaries, agents, and others, on or about February 9, 2023.

     e.  Questions of law or fact common to the Class Members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating this lawsuit, as the same issues relating to duty and breach in relation to the Data Incident are substantially the same for all Class Members.

5.    The Court finds that Plaintiffs are adequate Class Representatives and appoints them as such. The Court likewise finds that Lynn A. Toops of Cohen & Malad, LLP; and J. Gerard Stranch, IV, of Stranch, Jennings & Garvey, PLLC are competent and appoints them as Class Counsel.

6.    The Court finds that the terms of the Agreement are within the range of a fair, reasonable, and adequate compromise under the circumstances of this case. Specifically, the Court finds that:

(A) the Class Representatives and Class Counsel have adequately represented the Settlement Class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the Settlement Class appears adequate, taking into account:
    (i) the costs, risks, and delay of trial and appeal;
    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing Class Member claims;
    (iii) the terms of the proposed award of attorney's fees, including timing of payment; and
    (iv) any agreement required to be identified under Rule 23(e)(3) (the Parties have identified none); and
(D) the proposal treats Class Members equitably relative to each other.

7.    The Court therefore preliminarily approves the Agreement and directs the Parties to the Agreement to perform and satisfy the terms and conditions that are triggered by such preliminary approval.

8.    The Court likewise approves the form and method of notice provided for in the Agreement and finds that it complies with the applicable rules and the requirements of the Due Process Clause of the United States and Indiana Constitutions ("Due Process"). Specifically, the Court finds that the form and method of notice (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, the terms of the proposed settlement, and their rights under the proposed settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all members of the Settlement Class and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of Due Process. The Court further finds that the Notice provided for in the Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by the Settlement Class.

9.    The Court appoints Kroll Settlement Administration LLC, as Settlement Administrator and orders the Settlement Administrator and the Parties to implement the notice program set forth in the Settlement.

10.    A final approval hearing (the "Final Approval Hearing") shall be held before the undersigned at _____ o'clock, on _____, 2024, at the Birch Bayh Federal Building and U.S. Courthouse, 46 East Ohio Street, Indianapolis, IN 46204,

or via video or teleconference, for the purpose of: (a) determining whether the Settlement Class should be finally certified for entry of judgment on the Agreement; (b) determining whether the Agreement is fair, reasonable, and adequate and should be finally approved; (c) determining whether a Final Approval Order should be entered; and (d) considering Class Counsel's application for an award of attorneys' fees and expenses. The Court may adjourn, continue, and reconvene the Final Approval Hearing pursuant to oral announcement without further notice to the Settlement Class, and the Court may consider and grant final approval of the Agreement, with or without minor modification and without further notice to the Settlement Class.

11.    Members of the Settlement Class shall be afforded an opportunity to request exclusion from the Settlement Class. A request for exclusion from the Settlement Class must comply with the requirements for form and timing set forth in the Detailed Notice included in the Agreement. Members of the Settlement Class who submit a timely and valid request for exclusion shall not participate in and shall not be bound by the Agreement.  Members of the Settlement Class who do not timely and validly opt out of the Settlement Class in accordance with the Detailed Notice shall be bound by all determinations and judgments in the action concerning the Agreement.

12.    Class Members who have not excluded themselves shall be afforded an opportunity to object to the terms of the Agreement.  Any objection must comply with

the requirements for form and timing set forth in the Detailed Notice included in the Agreement.

13.     Any Class Member who does not make his or her objection known in the manner provided in the Detailed Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement.

14.     Any request for intervention in this action for purposes of commenting on or objecting to the Agreement must meet the requirements set forth above, including the deadline for filing objections, and also must be accompanied by any evidence, briefs, motions, or other materials the proposed intervenor intends to offer in support of the request for intervention.

15.     Any lawyer intending to appear at the Final Approval Hearing must be authorized to represent a Class Member, must be duly admitted to practice law before this Court, and must file a written appearance.  Copies of the appearance must be served on Class Counsel and counsel for Defendants.

16.     Class Counsel shall file a motion for approval of the attorneys' fees, expenses, and service awards to be paid from the Settlement Fund, along with any supporting materials, on the deadline provided in the Agreement.

17.     If the Agreement does not become effective or is rescinded pursuant to the Agreement, the Agreement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Class Representatives and Defendants, and all Orders issued pursuant to the Agreement shall be vacated.

18.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Agreement.

**SO ORDERED.**

Dated:                                    _____

                                          Hon. Richard L. Young, Judge
                                          United States District Court

# EXHIBIT E
# (FINAL APPROVAL ORDER)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| CARY WEIGAND, CHERYL SCHMIDT, and CALVIN SCHMIDT, individually and on behalf of a class of similarly situated persons, | |
| *Plaintiffs*, | |
| v. | Case No. 1:23-CV-01452-RLY-TAB |
| GROUP 1001 INSURANCE HOLDINGS, LLC; GROUP 1001 RESOURCES, LLC; CLEAR SPRING LIFE AND ANNUITY COMPANY; and DELAWARE LIFE INSURANCE COMPANY, | |
| *Defendants*. | |

## FINAL APPROVAL ORDER

Cary Weigand, Cheryl Schmidt, Calvin Schmidt, and Juan McClendon (collectively "Plaintiffs" or "Class Representatives"), and Group 1001 Insurance Holdings, LLC; Group 1001 Resources, LLC; Clear Spring Life and Annuity Company; and Delaware Life Insurance Company (collectively "Defendants"), have entered into a proposed Class Action Settlement Agreement (the "Agreement"). The Court previously granted preliminary approval to the Agreement, notice was issued to the Settlement Class, and the deadlines to opt out or object to the Agreement have now passed. Plaintiffs have moved the Court to grant final approval to the Agreement under Federal Rule of Civil Procedure 23(e). Defendants do not oppose the motion.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1

1.      Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Agreement.

2.      This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Plaintiffs and Defendants in the above-captioned case (the "Parties").

3.      The Court finds that the proposed Settlement Class, defined as follows, meets the requirements for certification for purposes of entry of judgment:

> All individuals whose personal information may have been compromised as a result of the Data Incident, as identified on the Class List.[2]

4.      Specifically, the Court finds that the requirements of Rule 23(a) and 23(b)(3) are met:

> a.  The class is so numerous that joinder of all members is impracticable, as there are thousands of Class Members;
>
> b.  There are questions of law or fact common to the class based upon the claims raised in the lawsuit relating to the Data Incident that predominate over questions affecting only individual members, such as whether Defendants breached any duty in failing to protect Class Members' data from unauthorized access;
>
> c.  The claims of the Class Representatives are typical of the claims of the Settlement Class as they arise from the Data Incident;
>
> d.  The Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to the Settlement Class and Class Counsel are experienced in complex class action litigation; and

---

[2] "Data Incident" means the incident involving the potential exposure of the confidential, personal information of approximately 475,947 of Defendants' and their affiliates' and cedents' current, former, and prospective customers, employees, employee dependents, payees, annuitants, beneficiaries, agents, and others, on or about February 9, 2023.

e. Questions of law or fact common to the Class Members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating this lawsuit, as the same issues relating to duty and breach in relation to the Data Incident are substantially the same for all Class Members.

5.   The Court therefore certifies the Settlement Class, appoints Plaintiffs as the Class Representatives, and appoints Lynn A. Toops of Cohen & Malad, LLP; and J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC as Class Counsel.

6.   The Court finds that notice of the proposed Agreement was provided to the Settlement Class and that the notice met the requirements of Rule 23 and Due Process.

7.   The Court finds that the terms of the Agreement represent a fair, reasonable, and adequate compromise under the circumstances of this case. Specifically, the Court finds that:

(A) the Class Representatives and Class Counsel have adequately represented the Settlement Class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the Settlement Class appears adequate, taking into account:
(i) the costs, risks, and delay of trial and appeal;
(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing Class Member claims;
(iii) the terms of any proposed award of attorney's fees, including timing of payment; and
(iv) any agreement required to be identified under Rule 23(e)(3) (the Parties have identified none); and
(D) the proposal treats Class Members equitably relative to each other.

8.   The Court therefore grants final approval of the Agreement and directs the Parties to the Agreement to perform and satisfy the terms and conditions that

are triggered by such final approval. Specifically, the Court approves the plan for payment of the Net Settlement Fund, including payment of any uncollected funds to the Cy Pres Recipient(s) as set forth in the Agreement.

9.     Upon the occurrence of the Effective Date, the Class Representatives and the Class Members, and their respective past, present, and future heirs, beneficiaries, conservators, executors, estates, administrators, assigns, agents, accountants, financial and other advisors, and any other representatives of any of these persons and entities ("Releasing Parties"), release and forever discharge Defendants, Delaware Life Insurance Company of New York, First Security Benefit Life Insurance and Annuity Company of New York, Standard Security Life Insurance Company of New York, and Heartland National Life Insurance Company, and all of their respective past, present, and future employees, officers, directors, affiliates, agents, vendors, attorneys, insurers, successors, parent companies, subsidiaries, and shareholders (the "Releasees") from all known and unknown claims, demands, damages, causes of action or suits seeking damages, or other legal or equitable relief arising out of or in any way related to the Data Incident, including the claims asserted or which could have been asserted in the Litigation ("Released Claims").

10.     Upon the Effective Date: (a) the Agreement shall be the exclusive remedy for any and all Released Claims of the Releasing Parties; and (b) the Releasing Parties shall be permanently barred and enjoined from initiating, asserting, or prosecuting any Released Claim against the Releasees, whether on behalf of Class Representatives, any Class Member, or others, in any jurisdiction.

11.     This Order is a final judgment because it disposes of all claims against

all Parties to this lawsuit.

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:                                          _____
                                                Hon. Richard L. Young, Judge
                                                United States District Court