UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARY WEIGAND, CHERYL SCHMIDT and CALVIN SCHMIDT, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GROUP 1001 INSURANCE HOLDINGS, LLC; GROUP 1001 RESOURCES, LLC; CLEAR SPRING LIFE AND ANNUITY COMPANY; and DELAWARE LIFE INSURANCE COMPANY,<br><br>Defendants. | Case No. 1:23-cv-01452-RLY-TAB |

**JOINT DECLARATION IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Raina C. Borelli, J. Gerard Stranch, IV, and Lynn A. Toops declare:

1. We are counsel for Plaintiff in the above-captioned case. This declaration supports Plaintiff's Motion for Preliminary Approval of Class Action Settlement. This declaration explains the bases for the settlement, including the significant relief it affords the Settlement Class. We have personal knowledge of the facts in this declaration and could testify to them if called on to do so.

**MEDIATION BACKGROUND**

**a. Mediation**

2. In October 2023, defendants moved to dismiss plaintiffs' complaint on two grounds—arguing they lacked standing and had not stated claims under any theory. Doc. 24. Plaintiffs prepared to resist the motion under Seventh Circuit precedent, but acknowledged the case would face risks even if they prevailed at that stage. Defendants also recognized the risks that

1

litigation posed, including the liability, cost, and delay it would cause. As a result, the parties considered mediating the matter to avoid those risks.

3.  But before plaintiffs agreed to mediate, they conditioned their participation on receiving "informal" discovery first, including the "post-breach forensic report" detailing the data breach. That effort confirmed how the breach happened, what it impacted, and how many class members it affected— 475,947. Armed with this information, plaintiffs agreed to mediate with Bruce Friedman, a mediator experienced in negotiating data breach class actions.

4.  At mediation, the parties advocated for their positions, discussing each side's strengths and weaknesses and the risks they faced if they did not settle. To avoid any conflict with the class, the parties did not negotiate or discuss any terms affecting attorney fees and service awards before negotiating the agreement's core terms, including the relief it would provide the class and how the parties would distribute it. Indeed, the parties agreed plaintiffs would need to petition the Court before receiving attorney fees and service awards, and did not condition a settlement on plaintiffs receiving any specified amounts. These efforts paid off, resulting in the settlement.

## COUNSEL'S RECOMMENDATION

5.  Our collective years of experience in representing individuals in complex class actions—including data breach actions—informed Plaintiffs' settlement position, and the needs of Plaintiff and the proposed Settlement Class. While we believe in the merits of the claims brought in this case, we are also aware that a successful outcome is uncertain and would be achieved, if at all, only after prolonged, arduous litigation with the attendant risk of drawn-out appeals and the potential for no recovery at all. Based upon our collective substantial experience, it is our opinion that the proposed settlement of this matter provides significant relief to the members of the

Settlement Class and warrants the Court's preliminary approval. The settlement is well within the range of other data breach settlements in the relief that it provides.

6. The Agreement's terms are designed to address the potential harms caused by the data breach, providing credit monitoring and identity theft restoration services, reimbursing economic and non-economic losses, and providing cash payments.

7. This result is particularly favorable given the risks of continued litigation. Plaintiffs faced serious risks prevailing on the merits, including proving causation, as well as risk at class certification and at trial, and surviving appeal. A settlement today not only avoids the risks of continued litigation, but it also provides a benefit to the members of the Settlement Class now as opposed to after years of risky litigation.

8. The Agreement's benefits unquestionably provide a favorable result to the members of the settlement class, placing the Agreement well within the range of possible final approval and satisfying the requirements for preliminary approval under federal law; therefore, the Court should grant preliminary approval.

9. Additionally, the Notice program contemplated by the Agreement provides the best practicable method to reach Settlement Class members and is consistent with other class action notice programs that have been approved by various courts for similarly situated matters.

10. Thus, Plaintiffs' counsel asks the Court to grant preliminary approval of the settlement agreement and enter the proposed preliminary approval order attached to the Settlement Agreement and filed with this motion.

## **COUNSEL'S QUALIFICATIONS**

**A. Strauss Borrelli PLLC**

11.     Strauss Borrelli PLLC is a firm based in Chicago, Illinois, that focuses on complex class actions, including privacy class actions.

12.     Raina Borrelli, the principal attorney from Strauss Borrelli assigned to this case, is a partner at Strauss Borrelli whose practice focuses on complex class action litigation, including data breach, Telephone Consumer Protection Act ("TCPA"), false advertising, and consumer protection cases in both state and federal courts around the country. Ms. Borrelli received her J.D. magna cum laude from the University of Minnesota Law School in 2011. Prior to joining Strauss Borrelli, Ms. Borrelli was a partner at Gustafson Gluek, where she successfully prosecuted complex class actions in federal and state courts. Ms. Borrelli is an active member of the Minnesota Women's Lawyers and the Federal Bar Association, where she has assisted in the representation of pro se litigants though the Pro Se Project. Ms. Borrelli has repeatedly been named to the annual Minnesota "Rising Star" Super Lawyers list (2014-2021) by SuperLawyers Magazine. She has also been repeatedly certified as a North Star Lawyer by the Minnesota State Bar Association (2012-2015; 2018-2020) for providing a minimum of 50 hours of pro bono legal services. In recent years, Ms. Borrelli has been substantially involved in a number of complex class action matters in state and federal courts including: *Hudock v. LG Electronics USA, Inc.*, 16-cv-1220 (JRT/KMM) (D. Minn.); *Baldwin v. Miracle-Ear, Inc.*, 20-cv-01502 (JRT/HB) (D. Minn.); *In re FCA Monostable Gearshifts Litig.*, 16-md-02744 (E.D. Mich.); Zeiger v. WellPet LLC, 17-cv-04056 (N.D. Cal.); *Wyoming v. Procter & Gamble*, 15-cv-2101 (D. Minn.); *In re Big Heart Pet Brands Litig.*, 18-cv-00861 (N.D. Cal.); *Sullivan v. Fluidmaster*, 14-cv-05696 (N.D. Ill.); *Rice v. Electrolux Home Prod., Inc.*, 15-cv-00371 (M.D. Pa.); *Gorczynski v. Electrolux Home Products,*

4

*Inc.*, 18-cv-10661 (D.N.J.); *Reitman v. Champion Petfoods*, 18-cv-1736 (C.D. Cal.); *Reynolds, et al., v. FCA US, LLC*, 19-cv-11745 (E.D. Mich.).

13. Ms. Borrelli has significant experience in data privacy litigation and is currently litigating more than fifty data breach cases in courts around the country as lead counsel or co-counsel on behalf of millions of data breach victims, including *In re Netgain Tech. Consumer Data Breach Litig.*, 21-cv-1210 (D. Minn.) (appointed by the court to the Plaintiffs' Interim Executive Committee); *In re C.R. England, Inc. Data Breach Litig.*, 2:22-cv-374-DAK-JCB (appointed by the court has Interim Co-Lead Counsel); *Medina et al. v. PracticeMax Inc.*, 22-cv-01261-DLR (D. Ariz.) (appointed to Executive Leadership Committee); *Forslund et al. v. R.R. Donnelley & Sons Co.*, 1:22-cv-04260 (N.D. Ill.) (appointed as interim co-lead class counsel); *In re Lincare Holdings, Inc. Data Breach Litig.*, 8:22-cv-01472 (M.D. Fla.) (appointed to Interim Executive Leadership Committee); *McLaughlin v. Flagstar*, 22-cv-11470 (E.D. Mich.); *Corra et al. v. Acts Retirement Services, Inc.*, 2:22-cv-02917 (E.D. Pa.); *Grogan v. McGrath RentCorp., Inc.*, 22-cv-490 (N.D. Cal.); *Goetz v. Benefit Recovery Specialists, Inc.*, Case No. 2020CV000550 (Wis. Cir. Ct., Walworth Cty.) (data breach settlement on behalf of 500,000 breach victims); *Kunkelman v. Curators of the University of Missouri, d/b/a MU Health Care*, Case No. 21BA-CV00182 (Mo. Cir. Ct., Boone Cty.); *Baldwin v. Nat'l Western Life Ins. Co.*, 21-cv-04066-WJE (W.D. Mo.) (settlement on behalf of 800,000 data breach victims).

**B. Cohen & Malad, LLP**

14. For over 50 years, Cohen & Malad, LLP has enjoyed a reputation as Indiana's leading class action law firm. It was founded in 1968 by a former Indiana Attorney General and a former United States Attorney. The firm has served as class counsel in numerous local, statewide,

multi-state, nationwide, and even international class actions. We have also served in leadership positions in numerous multidistrict litigation matters.

15.     Lynn Toops, the principal attorney from Cohen & Malad, LLP, assigned to this case has been recognized by the Indiana Trial Lawyers Association as a Consumer Advocate of the Year and has been named an Indiana "Super Lawyer" every year since 2011. She has been appointed as Class Counsel in dozens of consumer class actions by courts across the country. Ms. Toops and Cohen & Malad, LLP, have extensive experience serving in leadership roles and working on numerous cases in the privacy and data breach area, including: *Fero v. Excellus Health Plan Inc.*, No. 6:15-cv-06569 (W.D.N.Y.) (appointed to Plaintiff's Interim Class Counsel executive committee by the court); *In re Med. Informatics Eng'g, Inc. Data Sec. Breach Litig.*, No. 3:15-MD-2667 (N.D. Ind.) (appointed Lead Counsel by the court); *In re Anthem, Inc. Data Breach Litigation*, No. 15-MD-02617-LHK (N.D. Cal.); *Braun v. VisionQuest Eyecare, P.C.*, No. 49D07-1705-PL-020189 (Ind. Super. Ct.) (appointed Class Counsel); *McKenzie et al. v. Allconnect, Inc.*, No. 5:18-cv-00359-JMH (E.D. Ky.) (same); *Joyner v. Behavioral Health Network, Inc.*, No. 2079CV00629 (Mass. Super. Ct.) (same); *Baldwin v. Nat'l W. Life Ins. Co.*, No. 2:21-cv-04066-WJE (W.D. Mo.) (same) *Alexander v. Otis R. Bowen Center for Human Servs., Inc.*, No. 43D04-2104-CT-000019 (Ind. Super. Ct.) (same); *Slos v. Select Health Network, Inc.*, No. 71D05-2002-PL-000060 (Ind. Super. Ct.) (same); *Jones v. Methodist Hosps., Inc.*, No. 45C01-1911-CT-001201 (Ind. Cir. Ct.) (same); *In re BJC Healthcare Data Breach Litig.*, No. 2022-CC09492 (Mo. Cir. Ct.) (same); *Marshall v. Conway Reg'l Med. Ctr., Inc.*, No. 23CV-20-771 (Ark. Cir. Ct.)

  **C.** **Stranch, Jennings & Garvey PLLC**

16.     Stranch, Jennings & Garvey PLLC's (SJG) roots go back to 1952 when Cecil Branstetter founded Branstetter, Stranch & Jennings, PLLC, his own law firm in Nashville. For

more than seven decades, SJG's attorneys have advocated for society's under-represented voices, consumer rights, labor unions and victims of discrimination, a legacy that continues today as SJG works to ensure access to justice for clients.

17. J. Gerard Stranch, IV, the principal attorney from SJG assigned to this case, has been recognized as a 2022 Tennessee Trial Lawyer of the Year. He has been appointed as Class Counsel in dozens of consumer class actions by courts across the country. Mr. Stranch and SJG have extensive experience serving in leadership roles and working on numerous cases in the privacy and data breach area, including: *Joyner v. Behavioral Health Network, Inc.*, No. 2079CV00629 (Mass. Super. Ct.) (class counsel); *Baldwin v. Nat'l W. Life Ins. Co.*, No. 2:21-cv-04066-WJE (W.D. Mo.) (same); *Goetz v. Benefit Recovery Specialists. Inc.*, No. 20 CV 550 (Wis. Cir. Ct.); *Slos v. Select Health Network, Inc.*, No. 71D05-2002-PL-000060 (Ind. Super. Ct.) (same); *Jones v. Methodist Hosps., Inc.*, No. 45C01-1911-CT-001201 (Ind. Cir. Ct.) (same); *In re BJC Healthcare Data Breach Litig.*, No. 2022-CC09492 (Mo. Cir. Ct.); *Henck v. Squirrel Hill Health Center*, No. GD-21-14637 (Pa. C.C.P.)

Pursuant to 28 U.S.C. § 1746, we declare signed under penalty of perjury of the United States of America that the foregoing is true and correct.

Executed on May 8, 2024

*/s/Raina C. Borrelli* */s/Lynn A. Toops*
Raina C. Borrelli Lynn A. Toops

*/s/J. Gerard Stranch, IV*
J. Gerard Stranch, IV