UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARY WEIGAND, CHERYL SCHMIDT and CALVIN SCHMIDT, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GROUP 1001 INSURANCE HOLDINGS, LLC; GROUP 1001 RESOURCES, LLC; CLEAR SPRING LIFE AND ANNUITY COMPANY; and DELAWARE LIFE INSURANCE COMPANY,<br><br>Defendants. | Case No. 1:23-cv-01452-RLY-TAB |

## ORDER APPROVING FEES, EXPENSES, AND SERVICE AWARDS

This matter is before the Court on Plaintiffs' Motion for Approval of Fees, Expenses, and Service Awards. As discussed below, the Court finds that the motion should be, and hereby is, **GRANTED**.

## BACKGROUND

This is a class action relating to a data breach that Plaintiffs allege exposed their personally-identifiable information to hackers. After engaging mediation, followed by additional negotiations, the parties reached the proposed class action Settlement Agreement and Release (the "Settlement"), ECF No. 39-1, which the Court preliminarily approved on June 12, 2024, ECF No. 40.

The Settlement provides for Defendant to pay $4,759,470.00 into a non-reversionary common fund, which will be used to provide benefits to the Class Members, such as identity theft monitoring, reimbursement for losses, or an alternative cash payment. By separate Order, the Court has granted final approval to the settlement as fair, reasonable, and adequate.

In conjunction with final approval, and now before the Court, is the motion seeking payment of attorneys' fees to Class Counsel, reimbursement of litigation expenses, and payment of service awards to the Class Representatives. The Court will address each requested payment in turn.

**DISCUSSION**

**I.    Attorneys' Fees**

Class Counsel seeks an award of attorneys' fees to be paid from the Settlement Fund in the amount of $1,455,309.27, which, after deducting the relevant expenses from the value of the settlement, amounts to a fee of one-third of the value of the settlement after deducting amounts as set forth in *Redman*.[1] "[L]awyer[s] who recover[ ] a common fund . . . [are] entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *see also Sutton v. Bernard*, 504 F.3d 688, 691-92 (7th Cir. 2007). Rule 23(h) expressly authorizes the Court to "award reasonable attorney's fees" from a common fund in a class action case. Fed. R. Civ. P. 23(h).

"[W]hen deciding on appropriate fee levels in common-fund cases," courts "must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid Mktg. Litig. ("Synthroid*

---

[1] Under *Redman v. RadioShack Corp.*, 768 F.3d 622, 630–31 (7th Cir. 2014), "[t]he ratio that is relevant to assessing the reasonableness of the attorneys' fee that the parties agreed to is the ratio of (1) the fee to (2) the fee plus what the class members received." The value of the settlement that will go to Class Members is lowered by the fee awarded, the costs of notice and administration, reimbursed litigation expenses, and any approved service awards. *See id.* In this case, the common fund ($4,759,470.00) minus litigation expenses to be reimbursed ($16,761.20) minus the costs of notice and administration ($361,781.00) minus the requested service awards ($15,000 total) and minus the requested fee ($1,455,309.27) means that $2,910,618.53 will go to Class Members (if the Court approves the requested fees, expenses, and awards). Under *Redman*, that equates to a fee of one-third because 1,455,309.27 (the fee) divided by ($1,455,309.27 (the fee) plus $2,910,618.53 (what class members receive)) equals 33.33%.

*I")*, 264 F.3d 712, 718 (7th Cir. 2001); *accord Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 635 (7th Cir. 2011) ("[T]he district court must try to assign fees that mimic a hypothetical *ex ante* bargain between the class and its attorneys."). "Although courts in this Circuit have the discretion to use either a percentage of the fund or lodestar methodology, *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 566 (7th Cir. 1994), the percentage method is employed by the vast majority of courts in the Seventh Circuit (like other Circuits)." *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 6606079, at *7 (S.D. Ill. Dec. 16, 2018) (citation omitted); *Bell v. Pension Comm. of ATH Holding Co., LLC*, No. 115CV02062TWPMPB, 2019 WL 4193376, at *3 (S.D. Ind. Sept. 4, 2019) (noting that while Court's have discretion, generally "[i]n a common fund class action settlement, the Seventh Circuit Court of Appeals uses a percentage of the relief obtained rather than a lodestar or other basis.").

Courts have expressed a preference for the "percentage of the recovery" method "because of its relative simplicity of administration." *Florin*, 34 F.3d at 566. The "percentage of the recovery" approach also has the advantage that it "award[s] counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *Sutton*, 504 F.3d at 692 (quoting *Synthroid I*, 264 F.3d at 718).[2] The percentage of the

---

[2] In addition, some courts have noted that "[t]he use of a lodestar cross-check in a common fund case is unnecessary, arbitrary, and potentially counterproductive." *Will v. Gen. Dynamics Corp.*, No. 06-698-GPM, 2010 WL 4818174, at *3 (S.D. Ill. Nov. 22, 2010) (citing *In re Synthroid Mktg. Litig.*, 325 F.3d 974, 979–980 (7th Cir. 2003) ("The client cares about the outcome alone" and class counsel's efficiency should not be used "to reduce class counsel's percentage of the fund that their work produced."); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 948-49 (N.D. Ill. 2001) ("To view the matter through the lens of free market principles, [lodestar analysis] (with or without a multiplier) is truly unjustified as a matter of logical analysis."); *Gehrich v. Chase Bank USA.*, 316 F.R.D 215, 234 (N.D. Ill. March 2, 2016) ("The central consideration is what class counsel achieved for the class rather than how much effort class counsel invested in the litigation" (citation omitted)); *Silverman v. Motorola*, No. 07 C

3

benefit approach aids litigants and the courts because it directly aligns the interests of the class and its counsel in achieving the maximum recovery possible in the most efficient manner. *Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998) (percentage of fund is "a method of more closely aligning the lawyer's interests with those of his client by giving him a stake in a successful outcome"). "[U]nder the percentage approach, the class members and the class counsel have the same interest—maximizing the recovery of the class" without wasting resources. Silber and Goodrich, *Common Funds and Common Problems: Fee Objections and Class Counsel's Response*, 17 Rev. Litig. 525, 534 (Summer 1998).

The percentage method also makes sense because "it is essentially unheard of for sophisticated lawyers to take on a case of this magnitude and type on any basis other than a contingency fee, expressed as a percentage of the relief obtained." *Hale*, 2018 WL 6606079, at*7 (quotation omitted). "Thus, where, as here, the prevailing method of compensating lawyers for similar services is the contingent fee, then the contingent fee *is* the market rate." *Id.* (internal quotations omitted) (quoting *Kirchoff v. Flynn*, 786 F.2d 320, 324 (7th Cir. 1986) (emphasis in original)).

"'The normal rate of compensation in the market [is] 33.33% of the common fund recovered' because the class action market commands contingency fee agreements and the class counsel accepts a substantial risk of nonpayment." *George v. Kraft Foods Global, Inc.*, No. 1:08-cv-3799, 2012 WL 13089487, at *2 (N.D. Ill. Jun. 26, 2012). A one-third fee is common throughout district courts in the Seventh Circuit. *See, e.g.*, *Hale*, 2018 WL 6606079, at *10 ("Courts within the Seventh Circuit, and elsewhere, regularly award percentages of 33.33% or

---

4507, 2012 WL 1597388 *4 (N.D. Ill. 2012), *aff'd* 739 F.3d 956 (7th Cir. 2013) (declining to consider lodestar).

higher to counsel in class action litigation."); *Gaskill*, 160 F.3d at 362–63 (noting that typical contingency fees are between 33% and 40%) (citation omitted); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 502 (N.D. Ill. 2015) (recognizing that "courts in this circuit regularly allow attorneys to recoup one-third of the first $10 million of the class action settlement fund" and rejecting request by objecting class members to utilize the lodestar approach); *Pavlik v. FDIC*, No. 10-816, 2011 WL 5184445, at *4 (N.D. Ill. Nov. 1, 2011) (same).[3]

This District is no exception. This Court often awards a one-third fee in class action cases. *See, e.g.*, *Chen v. Genesco, Inc.*, No. 1:18-CV-00690-SEB-TAB, 2020 WL 360517, at *5 (S.D. Ind. Jan. 22, 2020) (approving one-third fee and noting that the request of one-third of the value of the settlement "is in line with terms regularly approved by federal courts in our Circuit."); *Heekin v. Anthem, Inc.*, No. 1:05-CV-01908-TWP, 2012 WL 5878032, at *3 (S.D. Ind. Nov. 20, 2012) (awarding 33.3% of the common fund of $90 million); *In re Guidant Corp. ERISA Litig.*, No. 05-cv-1009, slip op. at 2 (S.D. Ind. Sept. 10, 2010) (awarding 38% of the common fund); *Campbell v. Advantage Sales & Mktg. LLC,* No. 09–01430, 2012 WL 1424417, at *2 (S.D. Ind. Apr. 24, 2012) (awarding one-third of recovery as attorneys' fees); *Williams v. Rohm & Haas Pension Plan*, No. 4:04-cv-0078-SEB-WGH, 2010 WL 4723725, at *1-2 (S.D. Ind. Nov. 12, 2010) (awarding one-third of recovery ($43.5 million) as attorneys' fees); *In re Ready–Mixed Concrete Antitrust Litig.*, No. 05–00979, 2010 WL 3282591, at *3 (S.D. Ind. Aug. 17, 2010).

---

[3] *See also Martin v. Caterpillar, Inc.*, No. 07-1009, 2010 WL 11614985, at *3-4 (C.D. Ill. Sept. 10, 2010) (one-third fee); *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 997 (N.D. Ind. 2010) (one-third fee); *Retsky Family Ltd. P'ship*, No. 97 C 7694, 2001 WL 1568856, at *4 (N.D. Ill. Dec. 10, 2001) ("A customary contingency fee would range from 33 1/3% to 40% of the amount recovered."); *In re Lithotripsy Antitrust Litig.*, No. 98-8394, 2000 WL 765086, at *2 (N.D. Ill. June 12, 2000) (noting that "[m]any courts in this district have utilized [the percentage method to set fees in class actions] and 33.3% of the fund plus expenses is well within the generally accepted range of the attorneys fee awards"); *Goldsmith v. Tech. Solutions Co.*, No. 92-4374, 1995 WL 17009594, at *8 (N.D. Ill. Oct. 10, 1995) (noting that courts in the Seventh Circuit award attorneys' fees "equal to approximately one-third or more of the recovery").

In data breach cases, other courts have likewise found that an award of one-third of the common fund "is customary and typical of like awards." *All. Ophthalmology, PLLC v. ECL Grp.*, LLC, No. 1:22-CV-296, 2024 WL 3203226, at *15 (M.D.N.C. June 27, 2024) (one-third fee in data breach settlement) (citing *Lamie v. LendingTree, LLC*, No. 22-CV-307, 2024 WL 811519, at *2 (W.D.N.C. Feb. 27, 2024) (same); *Thomsen v. Morely Cos.*, No. 22-CV-10271, 2023 WL 3437802, at *2 (E.D. Mich. May 12, 2023) (awarding 33% and finding that amount to be "presumptively reasonable"); *In re Forefront Data Breach Litig.*, No. 21-CV-887, 2023 WL 6215366, at *8 (E.D. Wis. Mar. 22, 2023) (overruling objector and awarding fee of one-third of gross settlement fund and 41% of net settlement fund); *In re Novant Health, Inc.*, No. 1:22-CV-697, 2024 WL 3028443, at *9 (M.D.N.C. June 17, 2024) (awarding class counsel fees of one-third of $6.6 million common fund in data privacy settlement); *In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d 904, 941 (N.D. Ill. 2022) (approving one-third fee of over $29 million and noting that amount "is typical in other data privacy settlements"), *appeal dismissed sub nom. In re Tiktok Inc., Consumer Priv. Litig.*, No. 22-2682, 2022 WL 19079999 (7th Cir. Oct. 12, 2022).

The award of a reasonable fee is also informed by a number of unweighted factors, including: (1) the actual agreements between the parties as well as fee agreements reached by sophisticated entities in the market for legal services; (2) the risk of non-payment at the outset of the case; (3) the caliber of Class Counsel's performance; and (4) information from other cases, including fees awarded in comparable cases. *Synthroid I*, 264 F.3d at 719. These factors are not determinative, but they assist the Court in deciding whether a departure from the standard rate is appropriate. *See id.*

The Court finds that Class Counsel's request for a fee equal to one-third of the value of the settlement (after the deductions required by *Redman*) in this case is reasonable. The requested

amount is the 33.33% that is commonly approved by courts in the Seventh Circuit and that Class Counsel has shown they have been routinely awarded in bank fee litigation. A 33.33% fee is well within the range of a reasonable fee. *See, e.g.*, *Chen*, 2020 WL 360517, at *5 (approving one-third fee and noting that the request of one-third of the value of the settlement "is in line with terms regularly approved by federal courts in our Circuit."); *Heekin*, 2012 WL 5878032, at *3 (same); *Campbell,* 2012 WL 1424417, at *2 (same); *Williams*, 2010 WL 4723725, at *1-2 (same); *In re Ready–Mixed Concrete Antitrust Litig.*, 2010 WL 3282591, at *3 (same); *Synthroid I*, 264 F.3d at 718 (courts "must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time.").

The relevant factors similarly support a fee of at least 33.33%. First, the actual agreement between the Class Representatives and Class Counsel was a one-third contingent fee, so the requested fee is the contracted fee. *Synthroid I*, 264 F.3d at 721 (holding that fee contracts are evidence of the market rate for legal services). Second, the risk of non-payment at the outset of the case was high because Class Counsel took the case on a 100% contingent fee basis and advanced litigation expenses. *Synthroid I*, 264 F.3d at 721 (holding that "[t]he market rate for legal fees depends in part on the risk of nonpayment a firm agrees to bear"). Class Counsel's performance convinced the Bank to pay millions in cash and forgive debts owed, which is a positive result for the Class. *Synthroid I*, 264 F.3d at 721 (holding that "[t]he market rate for legal fees depends in part . . . on the quality of [counsel's] performance"). Comparable class action settlements have likewise resulted in payment of a 33.33% fee. *Synthroid I*, 264 F.3d at 718 (holding that courts must attempt to award the "normal rate of compensation in the market at the time"). The Court therefore finds that the requested fee is reasonable and should be approved.

**II.     Reimbursement of Litigation Expenses**

In addition to fees, Class Counsel seeks the reimbursement of $16,761.20 in litigation expenses they advanced in this case. It is well-established that "[a]n attorney who creates or preserves a common fund by judgment or settlement for the benefit of a class is entitled to receive reimbursement of reasonable fees and expenses involved." Alba Conte, *1 Attorney Fee Awards* § 2:19 (3d ed.); *see also Sprague v. Ticonic*, 307 U.S. 161, 166–67 (1939) (recognizing a federal court's equity power to award costs from a common fund)). "Counsel in common fund cases may recover those expenses that would normally be charged to a fee-paying client." *Tussey v. ABB, Inc.*, No. 06-CV-04305-NKL, 2019 WL 3859763, at *5 (W.D. Mo. Aug. 16, 2019) (quoting *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, No. MDL 05-1708, 2008 WL 682174, at *4 (D. Minn. Mar. 7, 2008)). "Reimbursable expenses include many litigation expenses beyond those narrowly defined 'costs' recoverable from an opposing party under Rule 54(d) and includes: expert fees; travel; long-distance and conference telephone; postage; delivery services; [etc.]." *Id.* (collecting cases). For example, this Court has approved reimbursement of "out-of-pocket costs and expenses incidental and necessary to litigating [the] matter, including coverage of *pro hac vice* admission fees, postage, mediator's fees, court fees, and research costs." *Chen*, 2020 WL 360517, at *5 (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999); *Cheesman v. Nexstar Broad. Grp., Inc.*, No. 2:07CV360-RLY-WGH, 2008 WL 2225617, at *3 (S.D. Ind. May 27, 2008)); *Heekin*, 2012 WL 5878032, at *5 (awarding class counsel reimbursement of litigation expenses)). When counsel brings the case on a contingent basis and advances expenses, "they had a strong incentive to keep costs to a reasonable level" because they may never recover those costs if the lawsuit is unsuccessful. *Tussey*, 2019 WL 3859763, at *5.

Here, Class Counsel has provided a declaration setting forth the basis for the requested litigation expenses, which are comprised primarily of mediation fees, and include other standard

8

reimbursable items such as filing fees and travel-related expenses. The Court finds that the requested expenses are reasonable.

### III. Class Representative Service Awards

Finally, the Class Representatives request a service award of $5,000 each from the Settlement Fund. In recognition that "a named plaintiff is an essential ingredient of any class action," courts often grant the class representative a service award. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (approving a $25,000 service award). Class representative service awards "are common and consider the actions the plaintiff took in bringing the suit, the extent to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Chambers v. Together Credit Union*, No. 19-CV-00842-SPM, 2021 WL 1948452, at *3 (S.D. Ill. May 14, 2021) (citing *Cook*, 142 F.3d at 1016).

"In the Seventh Circuit, . . . class representative service awards of $10,000 to $25,000 or more are not uncommon." *Id.* (citing *Cook*, 142 F.3d at 1016 (affirming $25,000 service award); *Hale*, 2018 WL 6606079, at *15 ($25,000 service award); *Spano*, 2016 WL 3791123, at *4 (awarding $25,000 to two representatives and $10,000 to a third representative); *Abbott v. Lockheed Martin Corp.*, No. 06-CV-701-MJR-DGW, 2015 WL 4398475, at *4 (S.D. Ill. July 17, 2015) (awarding $25,000 to six class representatives and $10,000 to additional named plaintiff); *Beesley v. Int'l Paper Co.*, No. 3:06-cv-703-DRH-CJP, 2014 WL 375432, at* 4 (S.D. Ill. Jan. 31, 2014) (awarding $25,000 to six named representatives and $15,000 to a surviving spouse); *Will v. Gen. Dynamics Corp.*, No. CIV. 06-698-GPM, 2010 WL 4818174, at *4 (S.D. Ill. Nov. 22, 2010) ("Awards of $25,000 for each Plaintiff are well within the ranges that are typically awarded in comparable cases."); *Lively v. Dynegy, Inc.*, No. 05-CV-0063-MJR, 2008 WL 4657792, at *2 (S.D. Ill. Sept. 30, 2008) (awarding $10,000 to each of three representatives); *Morlan v. Universal Guar. Life Ins.*, No. Civ. 99-274-GPM, 2003 WL 22764868, at *2 (S.D. Ill. Nov. 20, 2003) (awarding

$25,000, $20,000, $20,000 and $5,000 respectively to class representatives); *Spicer v. Chicago Bd. Options Ex., Inc.*, 844 F. Supp. 1226, 1266-67 (N.D. Ill. 1993) (collecting cases awarding incentive fees ranging from $5,000 to $100,000; awarding $10,000 each to named plaintiffs).

This is true in this District as well. *See, e.g.*, *Burnett v. Conseco Life Ins. Co.*, No. 118CV00200JPHDML, 2021 WL 119205, at *12 (S.D. Ind. Jan. 13, 2021) (granting $25,000 service award to each of two class representatives); *Heekin*, 2012 WL 5878032, at *5 (same).

In this case, the Class Representatives have regularly consulted with Class Counsel, provided documents and information, reviewed pleadings, and participated in the settlement process. Without the Class Representatives' efforts, the $4.75 million settlement would never have been achieved. The requested award of $5,000 each is similar to, or less than, awards in similar cases, and the Court finds that it is reasonable in this case. *See, e.g.*, *Chambers*, 2021 WL 1948452, at *3 ("In the Seventh Circuit, . . . class representative service awards of $10,000 to $25,000 or more are not uncommon.").

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Class Counsel is awarded attorneys' fees from the Settlement Fund in the amount of $1,455,309.27.

2. Class Counsel is awarded reimbursement of expenses from the Settlement Fund in the amount of $16,761.20.

3. The Class Representatives are awarded a class representative service award from the Settlement Fund in the amount of $5,000 to each Class Representative.

4. The Settlement Administrator is authorized and ordered to make these payments from the Settlement Fund in compliance with the terms of the Settlement Agreement and this Order.

5. The remainder of the Settlement Fund shall be distributed pursuant to the terms of the Settlement and any further order of the Court.

DATED: 10/03/2024

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution to: All counsel of record via CM/ECF

11